334 So.2d 48 (1976)
SILVER BLUE LAKE APTS., NO. 3, INC., Appellants,
v.
Alex MANSON and Carolyn Manson, His Wife, Appellees.
No. 75-716.
District Court of Appeal of Florida, Third District.
May 25, 1976.
Rehearing Denied July 9, 1976.
*49 Fine & Brownstein, Miami, for appellants.
Williams, Solomon, Kanner & Damian, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The sole question remaining to be determined in this appeal is that raised by the cross-assignment of error directed to the court's refusal to allow attorney's fees to the defendant in the trial court.
The defendant was brought into court to defend a declaratory judgment action in which the plaintiff sought a judgment interpreting a provision of a lease providing for the payment of rents on a percentage basis wherein the defendant was the lessee and the plaintiff was the lessor. The defendant landlord claimed rents according to the terms of the lease. The plaintiff claimed the right to use certain parts of the property for other than rental purposes. The final judgment entered required the payment of rents according to the provisions of the lease except as to one portion of the property which the court allowed to be used for other than rental purposes. There is no doubt that, under the circumstances of this case, the defendant was the prevailing party.
The provision in the lease for payment of attorney's fees is as follows:
* * * * * *
"If at any time, by reason of the failure of the Lessee to keep and perform any covenant or agreement which, under the terms of this lease, the Lessee is bound and obligated to keep and perform, it becomes necessary for the Lessor to employ an Attorney-at-Law to protect the rights and interest of the Lessor in the property demised or to enforce the lease or proceed under it in any particular, then, in any of such events, the Lessee will owe and will pay unto the Lessor all costs of court and reasonable Attorney's fees incurred or expended by the Lessor in taking such actions; and, correspondingly, if by reason of the default of the Lessor in the performance of any of the Lessor's obligations hereunder it becomes necessary for the Lessee to employ an Attorney to enforce the Lessee's rights accruing by reason of or in connection with the Lessor's default, the Lessor will owe and will pay to the Lessee all costs of court and reasonable Attorney's fees incurred or expended by the Lessee in enforcing such rights of the Lessee."

* * * * * *
We hold that the denial of attorney's fees, where the defendant in a declaratory judgment proceeding prevailed and secured a judgment enforcing the terms of the lease, was an infringement of the terms of contract between the parties. See the rule in *50 Tamiami Abstract & Title Co. v. Malanka, Fla.App. 1966, 185 So.2d 493.
Accordingly, the order denying attorney's fees to the defendant Manson is reversed and the cause is remanded with directions to set the fee to be allowed in accordance with the terms of the contract.
Reversed and remanded.