350 So.2d 15 (1977)
The CHESTERFIELD Company, Appellant,
v.
Frederick E. RITZENHEIM and Ada B. Ritzenheim, His Wife, Appellees.
No. 76-2645.
District Court of Appeal of Florida, Fourth District.
August 23, 1977.
Rehearing Denied October 6, 1977.
*16 Stephen F. Bacen and Leo N. Rose of Hunter, Atkinson & Golden, P.A., Hollywood, for appellant.
Fred R. Bland of Buckley & Bland, Fort Lauderdale, for appellees.
DAUKSCH, Judge.
Appellant was the lessee and Appellee the lessor. This appeal is from an Order awarding attorneys fees to the lessor based on a contract provision which stated
"The Lessee shall be liable to the Lessor for all costs, expenses, damages and attorneys' fees which may be incurred or sustained by the Lessor by reason of the Lessee's breach of any of the provisions of this lease."
The lessee had sought a declaratory judgment under Chapter 86, Florida Statutes. That chapter does not provide attorneys fees for either party. Therefore, in order for the trial court to have properly awarded the fees it must have found the lessee to have breached a provision of the lease.
The lease provided a method by which the rent would escalate in proportion to the Consumer Price Index. The lease also had an option to purchase provision and the price to purchase rose with the Consumer Price Index.
Lessee became uncertain of his obligations under the lease because he alleged the rental and purchase price had risen beyond the fair market value of the property and beyond what the parties had contemplated when the lease was agreed upon. That is why he sought declaratory relief. Before Judgment lessee voluntarily dismissed his Complaint and bought the property.
The court awarded $3500 attorneys fees saying "the filing of this suit ... was in effect an effort ... to circumvent the provisions of the lease requiring the defense of the lease ... and under the stated circumstances the Defendants are entitled to recover as costs their reasonable attorneys' fees based on the lease." If this Order meant the fees are recoverable as costs under Section 86.081, Florida Statutes, we disagree and reverse. Harris v. Richard N. Groves Realty, Inc., 315 So.2d 528 (Fla.4th DCA 1975). If this Order meant based on the lease we disagree and reverse because there was no showing of any breach of the lease.
Reversed.
LETTS, J., concurs.
CROSS, J., concurs only in conclusion.