416 So.2d 1269 (1982)
OCALA WAREHOUSE INVESTMENTS, LTD., a Florida Limited Partnership, Appellant,
v.
The BISON COMPANY, a Florida Corporation, Appellee.
No. 81-1085.
District Court of Appeal of Florida, Fifth District.
July 21, 1982.
Jeffrey C. Roth of Fieldstone, Oliver, Sumberg & Mondre, P.A., Miami, and Alan J. Kluger, Miami, for appellant.
Gregory J. Orcutt of Lawson, McWhirter & Grandoff, Tampa, for appellant.
ORFINGER, Chief Judge.
In this action filed by the lessor for a declaratory judgment, alleging a dispute with lessee regarding the interpretation of a rent escalation provision of a lease, the trial court found the lease unambiguous, and proceeded to determine the amount of basic rent to be paid and the adjustments thereto. The court also awarded costs and attorney's fees to lessee.
Lessor appeals, contending that the trial court did not correctly construe the lease, and that it erred in awarding attorney's fees to lessee. We agree that the lease is unambiguous and can be construed by the court, but we hold that the trial court erroneously construed one of the provisions thereof, and that it erred in awarding attorney's fees.
We hold that the lease clearly requires that the basic rent be increased by $15,950[1] when the mortgage payment due *1270 December 28, 1983 is paid. We agree with the trial court that there are no retroactive adjustments on this addition, and that cost of living adjustments thereon will be made prospectively after that date as required by the lease. There is no dispute between the parties as to the method by which the cost of living adjustments are made, nor as to the frequency thereof. Thus, using the projected figures agreed to by the parties and found by the trial court to be correct, the basic annual rental after the mortgage payment of $145,398.78 is made on December 28, 1983, will be $43,400, plus $15,950, or a total of $59,350, subject to cost of living adjustments thereafter, as and when provided for in the lease.
The award of attorney's fees to lessee was based on this provision of the lease:
In case suit is brought for the recovery of any rent or other sum due under the provisions of this lease or because of the breach of any other covenant herein contained on the part of Lessee to be kept or performed, Lessee shall pay to Lessor, if Lessor prevails in any such action or actions, all reasonable costs and attorney's fees incurred by the Lessor herein. If Lessee shall prevail in any action brought by Lessor or Lessee to enforce any of the provisions of this Lease, Lessor shall pay to Lessee all reasonable costs and attorney's fees incurred by Lessee.
Attorney's fees are generally not recoverable unless authorized by statute or contract. Estate of Hampton v. Fairchild-Florida Construction Co., 341 So.2d 759 (Fla. 1976). Both parties agree there is no statutory authorization for the attorney's fees involved. This is not a suit to recover rent or other sums due under the lease, nor is it based on any breach of the lease by the lessee. Neither did lessee prevail in any action brought by either lessor or lessee to enforce any provision of the lease. This was an action for declaratory relief, alleging a difference of opinion as to the amount of rent which was to be paid after December 31, 1983. No present delinquency was alleged nor was either party seeking to enforce any covenant thereof. Thus, nothing in the lease agreement entitles either party to recover attorney's fees under the restricted language of the quoted provision. See Chesterfield Company v. Ritzenheim, 350 So.2d 15 (Fla. 4th DCA 1977). It was error to award attorney's fees here.
The portion of the final judgment construing the intent of the lease as to future rent payments is affirmed as modified by this opinion. The portion of the final judgment awarding attorney's fees to appellee is reversed.
AFFIRMED in part; REVERSED in part.
SHARP and COWART, JJ., concur.
NOTES
[1] This figure represents the difference between the basic annual rent of $19,800 at the inception of the lease, and the basic rent of $35,750, specified to be paid following the making of the mortgage payment by lessor. This would be the difference between the two payments had there been no adjustment.