## KEMP v. McGREGOR, et al.
### Case No. S083-196
County Court, Orange County
May 5, 1983

**APPEARANCES OF COUNSEL**

**Sherron Marie Kemp,** pro se.

**Lloyd W. Ogle,** pro se.

**Terry A. Brooks** for McGregor and Cartee.

## OPINION OF THE COURT

JAMES C. HAUSER, County Court Judge.

### FINAL JUDGMENT

THIS CAUSE came before this Court as a trial on the Plaintiff's Complaint for damages caused to her apartment by the Defendants, and the Defendants', Colleen McGregor and Jack Cartee, Counterclaim for the security deposit. The Defendants Cartee and McGregor also filed a Crossclaim against Lloyd W. Ogle.

## FACTS

1. Sherron Kemp (Plaintiff) originally leased the apartment in question from Forest Village Lake Apartments.

2. On September 2, 1982, she sublet the apartment to all three (3) defendants and received a $200.00 security deposit.

3. The sublease failed to state when the tenancy would be terminated. (See Plaintiff's exhibit 1).

4. On or about December 1, 1982, the Defendants, Colleen McGregor and Jack Cartee, gave oral notification to the Plaintiff they would be vacating the premises on December 31, 1982.

5. The above named Defendants did in fact vacate the apartment on December 21, 1982.

6. Lloyd Ogle vacated the apartment on or about January 7, 1983.

7. That at no time did any of the Defendants send written notice to the Plaintiff they would be vacating the premises.

8. That at no time did the Plaintiff send written notice to the Defendants she would be withholding the security deposit.

9. The amount of rent for January was $335.00.

10. The Defendants failed to properly maintain the apartment. At the time they vacated, there were the following damages:

a. Unpaid telephone bills of $163.28 (of which $159.28 was the sole responsibility of Lloyd Ogle).

| | |
|---|---|
| b. Utilities | $173.87 |
| c. Expenses to clean apartment | 140.75 |
| d. Headboard and mattress ruined | 115.00 |
| e. Chair damage (dining room) | 84.00 |
| f. Pillows damaged | 20.00 |
| g. Miscellaneous | 60.00 |
| h. Cigarette burns to living room chair | 205.00 |
| Total | $788.03 |

11. The Court finds that the Defendant, Lloyd Ogle, was personally responsible for items (c), (d), (f), and (g), and that his share of the telephone bill was $159.28.

12. The Defendants, Colleen McGregor and Jack Cartee, retained Terry Brooks, Esq., to represent them to:

a. Defend the lawsuit;

b. Counterclaim for the security deposit; and

76

c. Crossclaim against Lloyd Ogle for the damage he caused to the apartment.

13. At no time did the Plaintiff give the Defendants an address to send written notices.

## STATEMENT OF LAW

Florida Statute 83.50(1) requires a landlord to disclose to the tenant the name and address of the landlord or a person authorized to receive notices on behalf of the landlord. Normally, if a tenant vacates an apartment prior to the term of the lease, they must give the landlord at least seven (7) days' written notice. Fla. Stat. 83.49(5). In this case, that proved impossible, since the Defendants had no address to mail the seven-day letter. The Court rules the tenants were excused from mailing such notification. That being the case, the Plaintiff was obligated to send written notice of her intention to keep tenant's security deposit within fifteen (15) days after they vacated the premises or forfeit the deposit. Fla. Stat. 83.49(3)(a). Since the Plaintiff failed to five the notice, she forfeits the deposit. The Defendants, Colleen McGregor and Jack Cartee, are therefore entitled to the return of the security deposit. Fla. Stat. 83.49(3). Even though they have not actually recovered damages, they are the prevailing party regarding the deposit and therefore entitled to a reasonable attorney fee. Fla. Stat. 83.49(3)(c). See by analogy, *Gator Shoe Co. v. Taudite,* 384 So.2d 1344 (Fla. 3d DCA 1980); *Ocala Warehouse Investments v. The Bison Co.,* 416 So.2d 1269 (Fla. 5th DCA 1982); *Chesterfield Co. v. Ritzenheim,* 350 So.2d 15 (Fla. 4th DCA 1977); *Dickson v. Dunn,* 399 So.2d 447 (Fla. 5th DCA 1981).

## ATTORNEY FEES

The attorney for the Defendants, Cartee and McGregor, stated he spent 8.9 hours representing them. He stated a majority of the time was spent on the counterclaim for the security deposit. At trial, the testimony indicated that a $600 fee would be reasonable. The Court noted at trial, however, that the vast majority of time spent by the attorney was spent not on the issue of the security deposit, but on the issue of plaintiff's claim for damages and defendant's cross-claim against Lloyd Ogle.

Further, although Defendant's attorney is entitled to a fee, that attorney fee may be decreased if the damages sought are substantially reduced. *Peter Mauch & Associates v. Powell,* 365 So.2d 754 (Fla. 2d DCA 1976); *Hernandez v. Travellers Insurance Co.,* 331 So.2d 329

**77**

(Fla. 3d DCA 1976). Based on the foregoing, the Court believes $300 is a reasonable fee. It is therefore

ORDERED AND ADJUDGED that the Plaintiff recover severally and individually from the Defendants as follows:

1. Defendants, Colleen McGregor and Jack Cartee

| | | |
|---|---|---|
| Damages ......................... | $788.03 | |
| Court Costs ...................... | 91.50 | |
| Subtotal ......................... | | $ 879.53 |
| Less Setoff for security deposit ...... | | − 200.00 |
| Total ........................... | | $679.53 |

for which let execution issue.

2. Defendant, Lloyd Ogle.

| | | |
|---|---|---|
| Damages ......................... | $788.03 | |
| Court Costs ...................... | 91.50 | |
| Rent for January ................... | 335.00 | |
| Subtotal ......................... | | $1,214.53 |
| Less Setoff for deposit ............. | | − 200.00 |
| Total ........................... | | 1,014.53 |

for which let execution issue.

3. That Colleen McGregor and Jack Cartee recover as a crossclaim the sum of $495.03 from Lloyd Ogle, for which let execution issue.

4. That Terry Brooks, Esquire, recover the sum of $300 from the Plaintiff Sherron Marie Kemp, as attorney's fees. See *Carr v. Blazer Finance,* 598 F.2d 1368 (5th Cir. 1979) for which let execution issue.