595 So.2d 162 (1992)
CASARELLA, INC., Appellant,
v.
ZAREMBA COCONUT CREEK PARKWAY CORPORATION, etc., et al., Appellees.
No. 90-2567.
District Court of Appeal of Florida, Fourth District.
February 19, 1992.
Jared G. Anton, Hollywood, for appellant.
John H. Pelzer and Nancy W. Gregoire of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellees.
LETTS, Judge.
The trial judge found the landlord entitled to attorney's fees and costs after the tenant, who had filed a complaint alleging, inter alia, breach of the underlying written lease, voluntarily dismissed the action on the day of trial. We affirm.
The controversy arose because the tenant disputed its pro rata share of the common area maintenance (CAM) charges assessed *163 under the lease. These charges, adjustable yearly, were estimated in the lease to be $70 per month for the first year. Within three years, the CAM charges had escalated by over four hundred percent, prompting the tenant to file this suit alleging fraudulent inducement, violation of the RICO statute and breach of the lease. On the day of trial, the tenant voluntarily dismissed the case and the landlord moved for attorney's fees based upon the following clause in the lease:
In the event it shall become necessary for Landlord to employ the services of an attorney to enforce any of its rights under this lease or to collect any sums due to it under this lease or to remedy the breach of any covenant of this lease on the part of the Tenant to be kept or performed, Tenant shall pay to Landlord such reasonable fee as shall be charged by Landlord's attorney for such services.
It is well-settled that when a plaintiff takes a voluntary dismissal the defendant is deemed the prevailing party and therefore is entitled to attorney's fees if the contract authorizes an award of attorney's fees. Stuart Plaza, Ltd. v. Atlantic Coast Development Corp. of Martin County, 493 So.2d 1136 (Fla. 4th DCA 1986).[1]
The tenant argues that the landlord is not entitled to attorney's fees under the foregoing provision because it was not enforcing any of its rights under the lease by defending itself against a suit filed by the tenant. In essence, the tenant contends that the landlord must initiate the suit as a plaintiff in order to get attorney's fees under the above-quoted provision. To this end, the tenant relies upon Fairways Royale Ass'n v. Hasam Realty Corp., 428 So.2d 288 (Fla. 4th DCA 1983) and Chesterfield Co. v. Ritzenheim, 350 So.2d 15 (Fla. 4th DCA 1977). We disagree with that reliance.
Chesterfield is inapt because in that case, the lease only provided for attorney's fees to the lessor by reason of the lessee's breach. The lessee in that case did not sue for any breach of the lease, however, instead sought a declaratory judgment as to what its rights were. The Fairways Royale case is likewise inapposite because the terms of that lease only allowed attorney's fees in the event the lessor instituted suit to enforce the lease. Moreover, the Fairways Royale tenant alleged a breach of a fiduciary duty, not a breach of the lease. At bar, the provision in the lease does not require the landlord to institute the suit and a breach of the lease is alleged. In defending itself, the landlord, sub judice, is trying to "enforce ... its rights under this lease" and "collect ... sums due to it," i.e., the CAM charges. Somewhat in line with our thinking is a case out of the Third District, Silver Blue Lakes Apts. No. 3, Inc. v. Manson, 334 So.2d 48 (Fla. 3d DCA 1976), which involved an action for a declaratory judgment by the tenant. The provision authorizing attorney's fees in that case was worded similarly to the one here; it required the tenant to pay attorney's fees "any time ... it [became] necessary for the [landlord] to employ an attorney-at-law to enforce the lease. ..." As in this case, it was not limited to suits instituted by the landlord. The Third District held that, based upon the contractual provision, it was error not to award the landlord attorney's fees for its defense of a declaratory judgment action brought by the tenant.
We would stress that this opinion is restricted to the status of this controversy at the time of the voluntary dismissal and we do not address the ultimate issue of whether the dramatic increase in CAM charges was justified. We decide only that under the terms of the lease, the landlord was entitled to attorney's fees when the tenant took a voluntary dismissal.
AFFIRMED.
STONE and WARNER, JJ., concur.
NOTES
[1] We are aware that the attorney's fees provision in Stuart Plaza expressly provided for the recovery of fees by the prevailing party and thus, it could be argued that case is inapt because the attorney's fees provision here does not contain "prevailing party" language. However, we conclude the provision here implicitly supports an award to the prevailing party.