STEVENSON, Judge.
This is an appeal from a final order denying the landlord’s motion for prevailing party’s fees following a partial final judgment and a voluntary dismissal of an action filed by the tenant, which sought declaratory relief concerning the amount of rent due under a retail lease. Because the landlord’s defense of the action was tantamount to an “enforcement” of its rights under the lease, we reverse.
The facts
Appellee, Careers USA, Inc., is the tenant, and appellant, Sanctuary of Boca Inc., is the landlord in a commercial lease arrangement for certain rental property in Boca Raton, Florida. Careers alleged that the lease provided for abatement of rent pending the completion of certain improvements. It alleged that its obligation to pay additional rent commenced on December 15, 1994, and its obligation to pay base rent commenced three months later on March 15, 1994. The landlord, Sanctuary, asserted that additional rent and base rent were due some four and one-half months earlier, on August 1, 1994 and November 1, 1994, respectively. On April 4, 1995, Careers filed an action for declaratory judgment concerning the parties’ quarrel and stated in the complaint that it would deposit the disputed rental payments into the registry of the court until the case was resolved.
The complaint for declaratory relief
Count I of Careers’ complaint sought a judgment declaring rent increases in keeping with its interpretation of the lease. Careers also sought a declaration prohibiting Sanctuary from increasing common area maintenance (CAM) charges more than 5% per year, alleging that the lease provided for this cap on operating costs. In Count II of its complaint, Careers sought reformation of the lease agreement, should an ambiguity exist.
Sanctuary moved for summary judgment on the issue of rent payments, asserting that the lease agreement was unambiguous and provided for commencement of the lease on August 1, 1994. The trial court found the lease to be unambiguous, and entered partial summary judgment in favor of Sanctuary on Count I of the complaint. Careers filed a notice of voluntary dismissal of the remainder of its complaint approximately one month later.
Sanctuary filed a motion seeking prevailing party attorney’s fees and costs pursuant to section 12.03 of the parties’ retail lease agreement, which provides:
*598 Costs/Attorneys’ Fees. In any litigation between the parties hereto to enforce the terms and conditions of this Lease, the prevailing party shall be entitled to recover all costs incurred in such action, including attorneys’ fees at all levels from the nonprevailing party.
Careers argued that the attorney’s fee provision was not activated because its declaratory judgment action did not involve litigation between the parties to “enforce” the terms and conditions of the lease. Rather, Careers argued that it was never in breach of the contract’s provisions such as to require enforcement; its suit was merely to settle a difference of opinion concerning the lease’s interpretation. The trial court accepted this argument and denied Sanctuary’s claim for attorney’s fees. We disagree and reverse. Discussion
This case is controlled by our holding in Casarella, Inc. v. Zaremba Coconut Creek Parkway Corp., 595 So.2d 162 (Fla. 4th DCA 1992). There, the tenant sued the landlord for breach of contract, fraudulent inducement, and violation of the RICO statute when common area maintenance charges escalated by over 400% within three years. As in this case, the landlord demanded more rent than the tenant felt was due under the lease; and, likewise, the tenant instituted the lawsuit. The lease agreement provided for the payment of fees in the event an attorney was needed to “enforce” any rights under the lease or to “collect” any sums due under the lease. Id. at 163. The tenant voluntarily dismissed its ease on the day of trial. Id. The landlord was awarded prevailing party attorney’s fees under the lease, and this court affirmed.
In Casarella, this court rejected the tenant’s argument that the landlord was not entitled to fees because it was not enforcing any of its rights under the lease by defending against a suit filed by the tenant. Id. Appellee attempts to distinguish Casarella from the instant ease on the basis that Ca-sarella involved a suit for breach of contract, and this case involves an action for declaratory relief. This attempted distinction belies the true nature of the relief sought in both cases and ignores the force and effect of a final declaratory judgment.
Although one case was styled as a breach of contract, and the other, a request for declaratory relief, there is no real substantive difference between the relief sought by the tenant in Casarella and the relief sought by appellee in the instant case. Each complained that the landlord was demanding more rent than was due under the lease. The tenant, in both Casarella and the instant ease, sought an order from the circuit court determining that the rental payments should be less than those demanded by their respective landlords.
Nor do we agree with appellee that this case should be distinguished from Casarella on the basis that the tenant here continued to pay rent, albeit under protest. While we cannot say for certain whether or not the tenant in Casarella continued to make the disputed rental payments, we did not find that factor alone to be dispositive. Furthermore, because the tenant, and not the landlord, instituted suit for breach of contract, it seems safe to presume that the rent in Car sarella was being paid.
As the court stated in Casarella, the landlord, in defending itself, was trying to “enforce ... its rights under this lease” and “collect ... sums due to it.” Id. Likewise, in the instant case, in order to protect and “enforce” its rights under the lease, Sanctuary was required to defend the action. Had Sanctuary not appeared in the declaratory action to defend its right to collect the amount it claimed, those rights may have been forever foreclosed; the trial court may have made a determination that Sanctuary was not entitled to collect the rent it claimed.
Appellee relies on two cases, Chesterfield Co. v. Ritzenheim, 350 So.2d 15 (Fla. 4th DCA 1977) and Fairways Royale Ass’n v. Hasam Realty Corp., 428 So.2d 288 (Fla. 4th DCA 1983), where attorney’s fee awards were not allowed following litigation that arose out of controversies concerning leases, despite prevailing-party fee provisions. However, those cases are factually dissimilar. Casarella correctly distinguished Chesterfield on the basis that the fee provision there specifically provided for attorney’s fees only *599 in the event of a “breach” of the lease, but the tenant, in seeking declaratory relief, did not allege any such breach. Casarella, 595 So.2d at 163. Fairways Royale was also readily distinguished, as the tenant’s complaint alleged a breach of fiduciary duty, and was not an action to “enforce” the contract, as the fee provision required. Casarella, 595 So.2d at 163.
We find our result consistent with the one reached in Silver Blue Lake Apts., No. 3, Inc. v. Manson, 334 So.2d 48 (Fla. 3d DCA 1976). There, the court reversed an order denying an award of attorney’s fees, where the parties’ lease agreement provided for payment of attorney’s fees if either the lessor or lessee were required to employ an attorney due to the failure of the other party to keep any covenant or agreement., Id. at 49. The lessee was brought into court to defend a declaratory judgment action in which the lessor sought a declaration interpreting a provision of the lease providing for payment of rents on a percentage basis. Id. The court held the defendant/lessee was entitled to fees where he mounted a successful defense to the tenant’s claims in a declaratory judgment proceeding. Id. In Silver Blue Lake, like the instant case, although the action was styled as one for declaratory relief, the result of the action was clearly to allow the “enforcement” of rights derived from the lease.
We acknowledge the different result reached by the Third and Fifth Districts. In Ocala Warehouse Investments, Ltd. v. Bison Co., 416 So.2d 1269 (Fla. 5th DCA 1982), a lease provision providing for a fee award “in any action brought by Lessor or Lessee to enforce any of the provisions of this Lease” was held inapplicable in a declaratory judgment action concerning the interpretation of a rent escalation clause since the action did not involve allegations of a present delinquency, nor was either party seeking to enforce any covenant of the lease. Likewise, in Martin L. Robbins, M.D., P.A. v. I.R.E. Real Estate Fund, Ltd., 608 So.2d 844, 846 (Fla. 3d DCA 1992), rev. denied, 620 So.2d 761 (Fla.1993), the Third District, citing Ocala Warehouse, reversed a landlord’s fee award, holding that “[t]he cases authorizing fees to the prevailing party for litigation arising out of the enforcement of leases is not applicable here since both parties filed for declaratory relief,” and “such actions are not for ‘enforcement’ so as to justify a fee award.” We certify conflict with Ocala Warehouse Investments and I.R.E. Real Estate Fund.
Accordingly, the final order denying the motion for attorney’s fees is reversed and this cause remanded for further proceedings.
REVERSED and REMANDED.
STONE and WARNER, JJ., concur.