705 So.2d 1362 (1998)
CAREERS USA, INC., Petitioner,
v.
SANCTUARY OF BOCA, INC., Respondent.
No. 90579.
Supreme Court of Florida.
January 15, 1998.
Geoffrey C. Bennett of Sweetapple, Broeker & Varkas, Boca Raton, for Petitioner.
Edward B. Cohen of Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., Boca Raton, for Respondent.
GRIMES, Senior Justice.
We have for review the decision in Sanctuary of Boca, Inc. v. Careers USA, Inc., 691 So.2d 596 (Fla. 4th DCA 1997), which certified conflict with the decisions in Ocala Warehouse Investments, Ltd. v. Bison Co., 416 So.2d 1269 (Fla. 5th DCA 1982), and Martin L. Robbins, M.D., P.A. v. I.R.E. Real Estate Fund, Ltd., 608 So.2d 844 (Fla. 3d DCA 1992), rev. denied, 620 So.2d 761 (Fla. 1993). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Careers USA (Careers) is the tenant and Sanctuary of Boca (Sanctuary) the landlord in a commercial property lease. In April 1995, Careers filed a declaratory judgment action to resolve a disagreement between the parties regarding the lease. Specifically, Careers alleged that the lease provided for abatement of rent pending the completion of *1363 certain improvements, such that its obligation to pay additional rent did not commence until December 15, 1994, and the obligation to pay base rent did not commence until March 15, 1995. Sanctuary's position was that the additional and base rents were due to commence on August 1 and November 1, 1994, respectively. Count I of the complaint sought a judgment declaring rent increases in accordance with Careers' interpretation of the lease and a declaration prohibiting common area maintenance charge increases in excess of five percent per year. Count II sought reformation of the lease contract if an ambiguity was found. Careers' complaint also stated that the disputed rents would be deposited into the court registry as they accrued pending resolution of the case.
The trial court found the lease agreement was unambiguous and entered partial summary judgment on count I in favor of Sanctuary. After Careers voluntarily dismissed the remainder of the complaint, Sanctuary filed a motion for attorney's fees pursuant to the following provision in the lease:
Costs/Attorney's Fees. In any litigation between the parties hereto to enforce the terms and conditions of this Lease, the prevailing party shall be entitled to recover all costs incurred in such action, including attorney's fees at all levels from the nonprevailing party.
Careers, 691 So.2d at 598 (emphasis added). In opposition Careers argued that the attorney's fee provision was not triggered because its declaratory judgment action was not litigation to enforce the terms and conditions of the lease, but rather a suit to settle the parties' difference of opinion regarding the lease's interpretation. The trial court denied Sanctuary's claim for attorney's fees.
On appeal from the order denying attorney's fees, the Fourth District Court of Appeal reversed. The court reasoned:
[I]n order to protect and "enforce" its rights under the lease, Sanctuary was required to defend the action. Had Sanctuary not appeared in the declaratory action to defend its right to collect the amount it claimed, those rights may have been forever foreclosed; the trial court may have made a determination that Sanctuary was not entitled to collect the rent it claimed.
Id. at 598.
The Third and Fifth District Courts of Appeal have reached a contrary result. In Ocala Warehouse, the lessee filed a declaratory judgment action against the lessor over the interpretation of a rent escalation provision in the lease. The trial court ruled in favor of the lessee and awarded attorney's fees to the lessee based on a provision which contained the following language:
If Lessee shall prevail in any action brought by Lessor or Lessee to enforce any of the provisions of this Lease, Lessor shall pay to Lessee all reasonable costs and attorney's fees incurred by Lessee.
Ocala Warehouse, 416 So.2d at 1270. Observing that no delinquency had been alleged, the court rejected the award of attorney's fees on the rationale that the declaratory judgment action was not an action to enforce a lease provision within the meaning of the fee award provision. Likewise, the court in Robbins held that suits for declaratory judgment are not "enforcement" actions so as to entitle the prevailing party to recover attorney's fees for enforcing the lease. Accord Sky Lake Gardens Recreation, Inc. v. Sky Lake Gardens Nos. 1, 3, & 4, Inc., 574 So.2d 1135 (Fla. 3d DCA 1991) (tenant's declaratory judgment action challenging rent escalation provisions in lease did not constitute enforcement of lease for purposes of attorney's fees provision because tenant had continued to perform during litigation).
According to Careers, Ocala Warehouse and Robbins facilitate use of the Declaratory Judgment Act, which offers parties an opportunity to litigate their respective rights and resolve their disputes before a breach of contract has occurred. § 86.031, Fla. Stat. (1995). Careers argues that prospective litigants will be encouraged to file declaratory judgment actions before a breach has occurred if they bear no risk of having to pay prevailing party attorney's fees should the *1364 other party ultimately prevail.[1] While this may be true, the prevailing party, which undoubtedly incurred attorney's fees of its own, will be deprived of the very right of recovery contemplated by the attorney's fee provision of the contract. We are not persuaded that a ruling contrary to Careers' position will discourage the filing of declaratory judgment actions prior to breach because there are many adverse consequences which can be avoided by having legal disputes resolved before a breach occurs. Moreover, the knowledge that the losing party will be required to pay the opponents' legal fees may have the salutary effect of discouraging the filing of suits which have minimal chance of success.
In the final analysis, we do not believe that the issue of attorney's fees should be decided by the form of the action chosen by either party. In this case, Careers sought a judgment declaring rent increases according to its interpretation of the lease. Determination of the abatement issue directly affected the amount of rent Careers would be required to pay (and Sanctuary would receive) under the lease. It matters not whether Sanctuary's interpretation of the lease was sustained in a declaratory judgment action rather than a breach of contract action. As noted by the court below, "[t]his attempted distinction belies the true nature of the relief sought in both cases and ignores the force and effect of a final declaratory judgment." Careers, 691 So.2d at 598. In either event, there has been a legal determination that Sanctuary is entitled to additional rent. We hold that Sanctuary is entitled to attorney's fees because it successfully "enforced the terms and conditions" of the lease.
We caution that because the variation in the wording of attorney's fees provisions is virtually limitless, our decision today does not eliminate the responsibility of courts to scrutinize the language of a particular attorney's fees clause to determine whether fees are appropriate. Cf. Chesterfield Co. v. Ritzenheim, 350 So.2d 15 (Fla. 4th DCA 1977) (denying attorney's fees in declaratory judgment action where award provision was limited to fees incurred by reason of breach and no breach was alleged). We merely hold that for the purpose of awarding attorney's fees to a prevailing party, a suit for declaratory judgment may constitute an action to enforce the terms and conditions of a lease or other written instrument.
We approve the decision below and disapprove the decisions in Ocala Warehouse, Robbins, and Sky Lake Gardens to the extent that they conflict with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Because its complaint contained a prayer for attorney's fees, one wonders if Careers would be making the same argument had it prevailed on the merits of the lawsuit.