708 So.2d 959 (1998)
OAKWOOD PLAZA, L.P., a Delaware limited partnership, f/k/a SFA Atlantis Associates, L.P., Petitioner,
v.
D.O.C. OPTICS CORPORATION, a Delaware corporation, Respondent.
No. 97-3418.
District Court of Appeal of Florida, Fourth District.
February 18, 1998.
Order Denying Rehearing and Clarifying Opinion May 20, 1998.
Robert Paul Keeley of Ellis, Spencer and Butler, Hollywood, for petitioner.
Tamara Carmichael and Andrew Cotzin, P.A. of Broad and Cassel, Miami, for respondent.
PER CURIAM.
Oakwood Plaza, L.P. petitions for writ of certiorari from the denial of its motion for attorney's fees, following a voluntary dismissal by the plaintiff, D.O.C. Optics Corp., of a suit D.O.C. filed against Petitioner, its landlord, under an exclusivity rider to the parties' lease of space in a shopping center. We grant the petition.
Petitioner has represented that D.O.C. has not refiled its action, and neither D.O.C. nor the record before this court indicate otherwise. Petitioner sought attorney's fees and costs under both a general lease provision, section 8.1, which allowed the landlord *960 "expenses (including reasonable attorneys' fees and disbursements)" for enforcing the tenant's obligations, and a specific provision in the rider, paragraph 6, which made the landlord "responsible for Tenant's reasonable legal fees and costs of suit" incurred in connection with the landlord's breach of the exclusivity clause. (The latter claim to entitlement was by way of section 57.105(2), Florida Statutes, making the attorney's fee provision of the rider reciprocal.). The trial court granted costs under rule 1.420(d), Florida Rules of Civil Procedure, and those are not in dispute, but it declined to award fees, pursuant to Wilson v. Rose Printing Co., 624 So.2d 257 (Fla.1993), because paragraph 6 of the rider did not define costs to include fees. This court has certiorari jurisdiction. See Sholkoff v. Boca Raton Community Hosp., Inc., 693 So.2d 1114, 1115 (Fla. 4th DCA 1997).
In Wilson and in Sholkoff, the litigation had been refiled, and, therefore, the fact that the action in question had been voluntarily dismissed did not make the defendant the prevailing party; instead, the prevailing party was yet to be determined in the subsequently filed litigation. In those cases, however, the defendant was found to be entitled to attorney's fees in connection with the dismissed action because rule 1.420(d) provides that "[c]osts in any action dismissed under this rule shall be assessed and judgment for costs entered in that action," and the parties' agreements defined costs to include attorney's fees.
The fact that Petitioner is not entitled to attorney's fees as costs pursuant to the language of the attorney's fee provision in the exclusivity rider to the lease in the instant case, however, does not mean that it cannot be awarded the fees to which it is entitled as the prevailing party in an action under the lease. See Careers USA, Inc. v. Sanctuary of Boca, Inc., 705 So.2d 1362 (Fla. 1998); Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp. of Martin County, 493 So.2d 1136, 1137 (Fla. 4th DCA 1986); Boca Airport, Inc. v. Roll-N-Roaster of Boca, Inc., 690 So.2d 640 (Fla. 4th DCA), rev. dismissed, 698 So.2d 543 (Fla.1997); Casarella, Inc. v. Zaremba Coconut Creek Parkway Corp., 595 So.2d 162 (Fla. 4th DCA 1992).
As the supreme court stated,
In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. A determination on the merits is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the prevailing party. There must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed.
Thornber v. City of Ft. Walton Beach, 568 So.2d 914, 919 (Fla.1990) (citations omitted; citing, inter alia, Stuart Plaza).
Unless Petitioner was not the prevailing party by reason of the voluntary dismissal, such as by D.O.C.'s having refiled its action, it was a departure from the essential requirements of law to deny Petitioner's entitlement to fees pursuant to its lease with D.O.C.[1] On remand, the trial court is to determine whether Petitioner is the prevailing party, and if it is, then it is entitled to be awarded attorney's fees pursuant to the lease.
KLEIN, STEVENSON and GROSS, JJ., concur.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
PER CURIAM.
We deny the motion for rehearing, but grant the motion for clarification. We write to clarify that our order of February 18, 1998, which granted Petitioner's motion for appellate attorney's fees and remanded for the trial court to determine entitlement and amount, is contingent on the trial court finding that Petitioner is the prevailing party as discussed in the underlying opinion.
KLEIN, STEVENSON and GROSS, JJ., concur.
NOTES
[1] Since the voluntary dismissal in this case was without prejudice, on remand, the trial court may also make a determination as to whether D.O.C., in good faith, intends to refile its action within a reasonable period of time. The burden to make this showing rests with D.O.C.