# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

INNA JOHNSON,

Appellant,

v.

CARROLL OAKS HOMEOWNERS ASSOCIATION, INC., and
SPLIT SECOND TOWING & TRANSPORT, INC.,

Appellees.

No. 2D2024-0631

_____

April 23, 2025

Appeal from the County Court for Hillsborough County; Leslie Schultz-Kin, Judge.

Eduardo A. Maura and Luis F. Quesada of Ayala Law, P.A., Miami, for Appellant.

Gregory S. Grossman of Greenberg Nikoloff, P.A., Dunedin, for Appellee Carroll Oaks Homeowners Association, Inc.

No appearance for Appellee Split Second Towing & Transport, Inc.

NORTHCUTT, Judge.

The court below awarded attorneys' fees to Carroll Oaks Homeowners Association following its litigation against Inna Johnson. We reverse because there was no legal basis for the fee award.

Johnson purchased a unit in a residential community managed by Carroll Oaks. The unit came with an assigned parking space, and association rules required residents to park in their own spaces and to display corresponding parking stickers. Shortly after Johnson moved into her new home, Carroll Oaks had her car towed. She had parked in her assigned space but used a hang tag intended for guest parking because she had not yet been given a resident parking sticker.

Johnson sued Carroll Oaks based on the latter's failure to post a notice prescribed by section 715.07(2)(a)(5), Florida Statutes (2020), before towing her car. However, the statute does not require posting a notice if the owner has been personally notified that the area in which the vehicle is parked is unauthorized and that the vehicle is subject to being towed at the owner's expense. *Id.* Carroll Oaks prevailed by summary judgment based on the county court's conclusion that Johnson received personal notice of the parking restrictions when she was given a trove of the community's governing documents prior to closing on the purchase of her unit.

Carroll Oaks then moved for an award of attorneys' fees, citing the community's recorded "Declaration of Easements." The Declaration included a provision that gave Carroll Oaks the right to "enforce, by any appropriate proceeding whether at law or in equity" restrictions imposed pursuant to the Declaration. It further stated that "[t]he party enforcing the same additionally has the right to recover all costs and expenses incurred, including reasonable attorneys' fees." The court below relied on this provision when awarding Carroll Oaks its fees. It ventured that

2

"the instant case was not just about a tow of an automobile, but the relationship of Ms. Johnson to Carroll Oaks as a member thereof and the rights and obligations stemming from that contractual relationship." Thus, the court likened this case to *Careers USA, Inc. v. Sanctuary of Boca, Inc.,* in which the supreme court held that the tenant's suit for a declaratory judgment to resolve a dispute over rent obligations under its lease was within the ambit of a lease provision entitling the prevailing party to recover fees "*[i]n any litigation between the parties hereto to enforce the terms and conditions of this Lease.*" 705 So. 2d 1362, 1363 (Fla. 1998) (quoting *Sanctuary of Boca, Inc. v. Careers USA, Inc.,* 691 So. 2d 596, 598 (Fla. 4th DCA 1997)).

The lower court also relied on the holding in *Caufield v. Cantele*, 837 So. 2d 371, 373 (Fla. 2002), which involved a contract provision that authorized the award of prevailing party attorneys' fees in any litigation "arising out of" the contract. The *Caufield* court held that claims of fraudulent misrepresentation concerning the subject matter of a contract "arise out of the contract" for purposes of that fee provision. *Id.* at 378.

In those cases, the fee provisions were not triggered simply because there happened to be a contract between the parties. Rather, in each of them the litigation clearly and directly involved the enforcement of the contract or arose from its subject matter. As such, those authorities have no bearing here. Contrary to the county court's assertion, the underlying litigation in this case did not turn on the parties' contractual relationship. Rather, it involved the statutory obligation of *any* property owner to notify *any* vehicle owner that the latter's vehicle is parked in a location that subjects it to being towed. Carroll Oaks' defense of Johnson's action was not an enforcement of its rules; it simply involved

3

proving that it had given Johnson personal notice as contemplated in the statute.[1]

When holding that a declaratory judgment suit may constitute enforcement of a lease for purposes of a prevailing party attorneys' fee provision, the *Careers USA* court included a caveat: "We caution that because the variation in the wording of attorney's fees provisions is virtually limitless, our decision today does not eliminate the responsibility of courts to scrutinize the language of a particular attorney's fees clause to determine whether fees are appropriate." 705 So. 2d at 1364. Consistent with that admonition, we conclude that the language of the attorneys' fee provision at issue here did not entitle Carroll Oaks to a fee award in this case.

Reversed.

KELLY, J., Concurs.
SILBERMAN, J., Concurs specially with opinion

---

[1] The documents given to Johnson when she purchased her unit contained two references to towing. One was in a "Summary of Carroll Oaks Regulations, Restrictions and Rules," which stated that residents may only park in designated parking spaces and must have a parking permit sticker on their vehicles. It observed that "[a]ll vehicles in violation of the above[-]mentioned rules are subject to towing at the owner's expense." But the document also emphasized that it was merely a summary. It referred the reader to the "original association documents" for "more complete and detailed information regarding these and other regulations as well as the interpretation of the same." The only germane "original association document" given to Johnson was a single sheet entitled "Parking Rules & Regulations." Its only reference to towing was as follows: "Owners are not permitted to park in guest parking. If a vehicle that is registered to the property is caught in a guest spot, the vehicle will automatically be towed at the owner's expense." Johnson did not appeal the adverse judgment in her lawsuit, but it is debatable whether those documents reasonably notified her that her vehicle would be towed if she parked in her assigned space with a guest permit.

4

SILBERMAN, Judge, Specially concurring.

I agree with the result reached by the majority based on the circumstances here and the specific wording of the attorney fee provision in the Declaration of Easements, Covenants, Conditions and Restrictions of Carroll Oaks. The Declaration's attorney fee provision states that the Association or any owner has the right to enforce

> by any appropriate proceeding whether at law or in equity or before the Board, all restrictions, conditions, covenants, easements, reservations, liens and charges now or hereafter imposed by, or pursuant to, the provisions of this Declaration or any Amended or Supplemental Declaration or both. The party enforcing the same additionally has the right to recover all costs and expenses incurred, including reasonable attorneys' fees for all negotiations and trial and appellate proceedings, if any. If the Association enforces the provisions of this Declaration against any owner, the costs and expenses of such enforcement, including such reasonable attorneys' fees, may be assessed against such owner's lot, as provided in Article V.

There is no "arising out of," "relating to," or "with respect to" language in the fee provision of this Declaration. *See Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013) (holding that where the attorney fee provision in a contract contains "arising out of" language, courts must determine if claims are "inextricably intertwined with the contract" (citing *Caufield v. Cantele*, 837 So. 2d 371, 379 (Fla. 2002))); *see also Bushnell v. Portfolio Recovery Assocs.*, 255 So. 3d 473, 477 (Fla. 2d DCA 2018). Courts must strictly construe a contract's attorneys' fee provision. *Pici v. First Union Nat'l Bank of Fla.*, 705 So. 2d 50, 51 (Fla. 2d DCA 1997). Here, the action pertains to a document titled Parking Rules and Regulations, which is a separately signed parking agreement that does not contain an attorneys' fee provision. It

5

also does not proclaim to be an amendment or supplement to the Declaration, which could invoke the original Declaration's fee provision. Thus, because this action does not fall within the terms of the Declaration's fee provision, Carroll Oaks is not entitled to an award of attorneys' fees.

_____

Opinion subject to revision prior publication.