220 So.2d 353 (1968)
William F. CHATLOS, Petitioner,
v.
CITY OF HALLANDALE, a Florida Municipal Corporation, Respondent.
No. 37538.
Supreme Court of Florida.
December 12, 1968.
Rehearing Denied April 7, 1969.
Brigham & Brigham and E.F.P. Brigham, Miami, for petitioner.
Crouch & Ward and Fred J. Ward, Hallandale, for respondent.
DREW, Justice.
The City of Hallandale instituted eminent domain proceedings to acquire the fee simple title to certain lands from petitioners and others. Several months later, the City, desiring to discontinue said proceedings, filed a notice of dismissal pursuant to Rule 1.420(a) (1), Rules of Civil Procedure, 30 F.S.A. Petitioner Chatlos and the other landowners thereafter applied to the trial judge for an award of attorneys' fees, appraisers' fees and other costs incurred by them in the defense of said litigation. Over the objections of the City the Court entered what is designated "a final judgment" awarding the landowners a total sum of $74,168.71 and directed that the sum be paid within ten days from the date hereof to the attorneys of record in said cause. The final judgment cancelled a lis pendens which had been filed[1] and reserved jurisdiction for the purpose of enforcing such final judgment. The instrument entitled "final judgment" was entered January 31, 1968.
Within sixty days after the entry of the final judgment, the City of Hallandale filed its notice of interlocutory appeal and *354 its notice of appeal, together with appropriate assignments of error in each case in the District Court of Appeal, Fourth District. Petitioners here, the landowners in the trial court, filed a motion to dismiss both of said appeals on the ground that the final judgment appealed from is a cost judgment "which is reviewable only by petition under Florida Rule 3.16c".[2] The decision of the District Court on the motion to dismiss constitutes the basis for this proceeding in conflict certiorari. The above decision of the District Court, Fourth District,[3] holds that Florida Appellate Rule 3.16, subd. c, 32 F.S.A. does not provide the exclusive method of securing a review of "any judgment for costs" rendered in the courts of this State. Such decision, it is alleged in the petition, conflicts with decisions of the District Court of the Third District.[4] Such conflict appears on the face of the questioned decision when the court said: "* * * our sister court of the Second District has taken a different view [from that of the third district] and a view which we believe to be the proper view and to which we adhere."
The District Court, Third District, has held that Florida Appellate Rule 3.16, subd. c is the exclusive method of reviewing costs judgments[5] and that such petition for review must be filed within twenty days. The second district in Craft v. Clarembeaux, Fla.App. 1964, 162 So.2d 325 (followed by the district court in the decision under review) held:
"There are then at least three distinct means of securing review of cost determination. If the cost determination is entered in the final judgment or is made subsequent to rendition of the final judgment but prior to timely appeal from that judgment, plenary appeal from the final judgment and a proper assignment or, if appropriate, cross-assignment of error will bring the cost order to the appellate court. See Rules 3.2(d), 3.3 and 3.5, F.A.R. If the cost determination is made after entry of a final judgment and the judgment has been appealed, the time for appealing the final judgment has expired or the aggrieved party does not desire to appeal the final judgment, interlocutory appeal from the cost judgment will bring that matter to the appellate court. Rule 4.2, F.A.R. If the cost judgment is entered after the mandate of the appellate court has been lodged in the cause, petition under Rule 3.16 will provide a means of review. Finally, in appropriate circumstances  as in the instant case wherein the order was entered following a non-final and unappealable voluntary nonsuit  writ of certiorari may lie as a means of securing review."
No purpose would be served by a discussion of these conflicting views. We hold that the Craft case is correct and we approve the reasons stated in the opinion supporting that decision. Being of such view, we hereby overrule all contrary decisions. Having reached such conclusion, it follows that the decision of the district court in this case denying the motion to dismiss the plenary appeal from the purported final judgment of the circuit court awarding attorneys' fees and costs is correct and is hereby approved. The question of whether the interlocutory appeal was properly dismissed has not been *355 presented here and we expressly refrain from in any way passing upon this question.
The only question remaining is whether the action of the district court in treating the plenary appeal as a petition for certiorari under Section 59.45, Florida Statutes 1967, F.S.A., should be disturbed. To resolve this question would require a consideration of the merits of this controversy. We think a decision on the merits, in the posture of the proceedings here, would be premature. Such question is one to be resolved by the district court of appeal. We expressly do not pass upon the question of whether the "final judgment" in this case was properly entered in the condemnation proceedings or whether in the circumstances presented here the proceedings were voluntarily dismissed under Rules of Civil Procedure 1.420(a) (1) or whether the proper method of recovering such attorneys' fees and costs would be by an independent suit.[6] Nor do we pass upon or determine the question of whether attorneys' fees and appraisal fees in eminent domain proceedings are governed by the law regarding "costs" or whether such attorneys' fees and appraisal fees (as distinguished from ordinarily taxable costs in litigation) are damages to be recovered by the property owner where eminent domain proceedings are abandoned, discontinued or the condemning authority fails within the prescribed time to pay such amounts into the registry of the court.[7] Nor do we determine whether, if such attorneys' fees and appraisal fees are properly recoverable in the eminent domain proceedings as was done in this case, the judgment entered is the "final judgment" in said cause subject to review on appeal as are other final judgments of trial courts under the Constitution.
The decision of the district court, subject to the views herein expressed, is approved and the writ heretofore issued is discharged.
CALDWELL, C.J., THOMAS and THORNAL, JJ., and SPECTOR, District Court Judge, concur.
NOTES
[1] Rule 1.420(a) (1) provides that a voluntary dismissal "cancels the lis pendens without the necessity of an order of court".
[2] Reviewable by Petition. If any party shall feel aggrieved by any judgment for costs, said judgment shall be reviewable in the appellate court upon petition, provided the petition is filed within 20 days after the entry of said judgment."
[3] City of Hallandale v. Chatlos, Fla.App. 1968, 211 So.2d 53.
[4] Manganelli v. Covington, Fla.App.3rd 1959, 114 So.2d 320; In re Carol Florida Corp., Fla.App.3rd 1960, 118 So.2d 837; Dade County v. Cross, Fla.App.3rd 1961, 127 So.2d 141; Horner v. State, Fla. App.3d 1963, 148 So.2d 553, and Dames v. Dames, Fla.App.3rd 1963, 156 So.2d 532.
[5] See cases cited in footnote 4.
[6] Compare Jacksonville Terminal Co. v. Blanchard, Fla. 1919, 77 Fla. 855, 82 So. 300; De Soto County v. Highsmith, Fla. 1952, 60 So.2d 915.
[7] De Soto County v. Highsmith, note 6 supra.