399 So.2d 447 (1981)
M. Alex DICKSON et ux., Appellants,
v.
John G. DUNN et ux., Appellee.
No. 80-61.
District Court of Appeal of Florida, Fifth District.
June 3, 1981.
Douglas Edward Daze of Haas, Boehm, Brown & Rigdon, P.A., Orlando, for appellants.
David T. Young of Young, Murray, Townsend & Denman, Rockledge, for appellees.
COWART, Judge.
Appellants, as sellers, sold, under contract, certain improved real estate to appellees, as buyers. Subsequently appellees sued appellants in fraud for money damages for claimed misrepresentation made by appellants to appellees as to the condition of the improvements on the property. Appellants counterclaimed for attorney's fees under a provision of the sales contract allowing attorney's fees to the prevailing party "in connection with any litigation arising out of this contract...." The trial court entered summary judgment for appellants on the fraud claim but against them on their counterclaim for attorney's fees. The question on appeal is whether the litigation in question arose out of the sales contract so as to entitle appellants to attorney's fees in defending the litigation.
Appellees' asserted cause of action was for an alleged misrepresentation by appellants which induced appellants to enter into the contract. Therefore, the litigation arose out of the alleged misrepresentation inducing appellees to enter into the sales contract and not out of the contract itself.
An action in trespass for deceit to recover damages for material misrepresentations inducing the making of a contract is founded on fraud or moral wrong, and is not based on the contract.
Associated Hardware Supply Co. v. Big Wheel Distributing Co., 355 F.2d 114, 120 (3d Cir.1966).
An action of deceit to recover damages for fraud inducing the making of the contract is not based upon the contract but upon the tort.
Chanin v. Chevrolet Motor Co., 89 F.2d 889, 891 (7th Cir.1937).
The final summary judgment denying appellants attorney's fees under the contract is
AFFIRMED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.