Colorado National's remaining contentions are without merit.

Judgment affirmed.

STERNBERG and PLANK, JJ., concur.

**Charles P. SPERRY,**
**Plaintiff–Appellant,**

**v.**

**Ted R. BOLAS, Defendant–Appellee.**

**No. 89CA0238.**

Colorado Court of Appeals,
Div. IV.

Dec. 28, 1989.

Cox & Buchanan, P.C., Vicki M. Buchanan and Gilbert R. Egle, Denver, for plaintiff-appellant.

No appearance for defendant-appellee.

Opinion by Judge HUME.

Charles P. Sperry appeals from that portion of the trial court's judgment that denied him recovery of attorney fees. We reverse and remand with directions.

Sperry brought this action against Ted R. Bolas, alleging various tort claims arising from a contract for the sale of real estate. The complaint sought damages, exemplary damages, costs, and attorney fees. The trial court ruled in Sperry's favor, but denied Sperry's request for attorney fees as untimely.

Sperry contends that the trial court erred in denying him attorney fees solely because the request was too late. We agree.

Although a request for attorney fees may be presented to the trial court before judgment, the request should not be

denied merely because it was first sought after judgment. *Bakehouse & Associates, Inc. v. Wilkins,* 689 P.2d 1166 (Colo.App. 1984). Whether an award of attorney fees is authorized by statute or by contract, if the award is dependent upon the achievement of a successful result in the litigation in which the fees are to be awarded, and those fees are for services rendered in connection with that litigation, a determination of the propriety of an award of fees need not be made until that litigation is completed and the result is known. *Roa v. Miller,* 784 P.2d 826 (Colo.App.1989).

Here, the parties' contractual agreement provided for attorney fees to the prevailing party in the event of any litigation arising out of the contract. Pursuant to this provision, plaintiff requested attorney fees in his complaint and pre-trial order. In addition, plaintiff requested an assessment of attorney fees immediately following the entry of judgment in his favor.

Since a request for attorney fees may be considered after the entry of judgment, we conclude the trial court erred in denying plaintiff's request on the ground that judgment had been entered and that, therefore, the request was made too late. *See Roa v. Miller, supra; Bakehouse & Associates, Inc. v. Wilkins, supra.*

 In addition, although plaintiff sought damages in tort for defendant's fraudulent misrepresentation, that claim arises from an affirmation of the contract, *see Trimble v. City & County of Denver,* 697 P.2d 716 (Colo.1985), and therefore, plaintiff, as the prevailing party, is entitled to an award of attorney fees pursuant to the contract between the parties. *See Beebe v. Pierce,* 185 Colo. 34, 521 P.2d 1263 (1974).

Accordingly, the order of the trial court is reversed and the cause is remanded for an assessment of plaintiff's attorney fees, including those incurred in prosecuting this appeal.

CRISWELL and NEY, JJ., concur.