595 So.2d 1076 (1992)
BARRY A. COHEN, P.A., a Professional Association, Petitioner,
v.
William A. LATORRE, Respondent.
No. 91-04129.
District Court of Appeal of Florida, Second District.
March 13, 1992.
*1077 John T. Allen, Jr. and Christopher P. Jayson of John T. Allen, Jr., P.A., St. Petersburg, for petitioner.
Martin Errol Rice of Martin Errol Rice, P.A., St. Petersburg, for respondent.
PER CURIAM.
The petitioner, Barry A. Cohen, P.A., seeks a writ of certiorari to review a circuit court order denying the petitioner's motion for attorney's fees. Certiorari jurisdiction is the appropriate means by which to review the order because it was entered after a nonfinal and unappealable voluntary dismissal. Chatlos v. City of Hallandale, 220 So.2d 353 (Fla. 1968); Solimando v. Aloha Medical Center, 566 So.2d 580 (Fla. 2d DCA 1990). We grant the petition.
The respondent, William A. LaTorre, filed a complaint for declaratory judgment to ascertain the amount owed by him to Cohen, or by Cohen to LaTorre, arising out of a contract under which Cohen provided legal representation to LaTorre. The complaint sought a determination of whether the contract between the parties should be declared void, and whether there had been a breach of the contract. The contract was attached as an exhibit to the complaint. The following fee provision is contained within the contract:
8. If it becomes necessary for The Law Firm of Barry A. Cohen to employ attorneys or collectors to enforce this retainer agreement, you shall bear all costs of collection, including reasonable attorney fees and interest at ten (10) percent per annum.
After the respondent voluntarily dismissed his action, the petitioner filed a motion for assessment of attorney's fees and costs. Following a hearing, the circuit court denied the motion on the authority of Chesterfield Co. v. Ritzenheim, 350 So.2d 15 (Fla. 4th DCA 1977). The court's order contained a provision stating that the order did not foreclose an award of the fees from being considered as awardable in any other pending case brought to enforce the payment of attorney's fees and costs in any other proceeding. It appears from the record that at the time the order was entered, there was a pending action in Hillsborough County.
The petitioner contends that he was entitled to an award of attorney's fees under the provisions of the contract which provided for attorney's fees in actions "to enforce this retainer agreement." It is clear from the terms of the contract that the petitioner is correct.
The circuit court's reliance on Chesterfield is misplaced. That case involved a declaratory judgment action filed by the lessee to determine its obligations under a lease. The attorney's fee provision in the lease provided that the lessee pay the lessor's fees in the event of a breach of the lease agreement. The fourth district found that the declaratory judgment did not involve a breach of the lease and so rejected the trial court's award of fees to the lessor.
The fee provision in the contract between LaTorre and Cohen differs from that in Chesterfield. Additionally, the declaratory judgment sought not only a determination of rights under the contract, but also to void the contract. The fee provision clearly provided for attorney's fees for Cohen when enforcing the contract, a task obviously undertaken in defense of the action to void the same contract.
There is ample authority to support the award of attorney's fees following a voluntary dismissal where such award is provided for by statute or agreement of the parties. Century Construction Corp. v. Koss, 559 So.2d 611 (Fla. 1st DCA) review denied, 574 So.2d 141 (Fla. 1990) (attorney's fees are properly awarded after a voluntary dismissal where such award is provided for by statute or agreement of the parties); Stuart Plaza, Ltd. v. Atlantic Coast Development Corp. of Martin County, 493 So.2d 1136 (Fla. 4th DCA 1986) (where contract between the parties provides for attorney's fee award to prevailing party, defendant was entitled to both attorney's fees and costs upon plaintiff's voluntary dismissal even though Florida Rule of Civil Procedure 1.420(d) refers only to "costs"); Hatch v. Dance, 464 So.2d 713 (Fla. 4th DCA 1985) (statutory or contractual provisions *1078 for award of attorney's fees to prevailing party encompass defendants in suits voluntarily dismissed); Wiggins v. Wiggins, 446 So.2d 1078 (Fla. 1984) (where dissolution of marriage action is voluntarily dismissed by petitioner, trial court has jurisdiction to award statutory attorney's fees to the respondent).
Accordingly, we reverse the denial of the petitioner's motion for attorney's fees and remand with directions to the trial court to determine reasonable fees and enter a judgment awarding fees to the petitioner. The court did not make a specific finding regarding the request for costs, and the petitioner does not raise any error with that portion of the order.
SCHOONOVER, C.J., HALL and THREADGILL, JJ., concur.