705 So.2d 670 (1998)
Ines Collia KELLY, Appellant/Cross-Appellee,
v.
Kenneth F. TWOROGER and Thomas M. Tworoger, as individuals jointly and severally, Appellees/Cross-Appellants, and
Leisure Towers Association, Inc., Appellees.
No. 96-4241.
District Court of Appeal of Florida, Fourth District.
January 28, 1998.
*671 Kenneth J. Schwartz of Osherow & Schwartz, P.A., Boca Raton, for Appellant/cross-appellee.
Kenneth F. Tworoger of Tworoger & Associates, P.A., Fort Lauderdale, for Appellees/Cross-Appellants-Kenneth F. Tworoger and Thomas M. Tworoger, as individuals jointly and severally.
GROSS, Judge.
Appellant/cross-appellee, Ines Kelly, purchased a condominium unit from appellee/cross-appellants, Kenneth and Thomas Tworoger in October, 1993. Two years later, she sued the Tworogers for damages under Johnson v. Davis, 480 So.2d 625 (Fla.1985), alleging that at the time of the sale they had knowledge "that latent defects in the condition of the roofs caused interior leaks to the Unit" and that they had failed to disclose them. Prior to the closing, the Tworogers' attorney sent Kelly's attorney a letter which contained the following sentence
We also wish to bring to your attention the fact that Mr. Tworoger received a phone call from the condominium association Sunday wherein a new officer stated that he felt that the roof underneath the deck which belongs to this unit may be leaking.
Kelly voluntarily dismissed her case against the Tworogers on September 24, 1996.
This appeal concerns the trial court's various awards of attorney's fees, costs, and sanctions against Ines and Dennis Kelly and their attorney, Kenneth Schwartz. We have certiorari jurisdiction to review the orders. See Sholkoff v. Boca Raton Community Hosp. Inc., 693 So.2d 1114 (Fla. 4th DCA 1997).
We affirm the trial court's determination that the Tworogers were entitled to recover attorney's fees against Ines Kelly under Paragraph W of the purchase and sale contract which provided
W. ATTORNEY FEES AND COSTS: In connection with any arbitration or litigation arising out of this Contract, the prevailing party, whether Buyer, Seller or brokers, shall be entitled to recover all costs incurred including attorney's fees and legal assistant fees for services rendered in connection therewith, including appellate proceedings and postjudgement [sic] proceedings.
*672 Kelly's suit under Johnson "arises out" of the contract within the meaning of paragraph W. Under Johnson
where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer.
480 So.2d at 629. The seller's "duty to disclose" emanates from the contractual relationship between the parties. The Johnson duty to disclose is similar to any other obligation that the law implies under the contract. If the sellers had breached the implied duty of good faith in the performance of another provision of the contract, there would be no question that litigation over such a breach would fall within paragraph W of the contract.
This case is distinguishable from Location 100, Inc. v. Gould S.E.L. Computer Systems, Inc., 517 So.2d 700, 706 (Fla. 4th DCA 1987), where this court held that attorney's fees incurred in defense of a fraudulent inducement claim could not be awarded under an attorney's fee provision in the contract that was supposedly induced by fraud. Location 100 relied on Dickson v. Dunn, 399 So.2d 447 (Fla. 5th DCA 1981), which reasoned that a cause of action for fraudulent misrepresentation "arose out of the alleged misrepresentation inducing [one party] to enter into the sales contract and not out of the contract itself." See also Fleischer v. Hi-Rise Homes, Inc., 536 So.2d 1105 (Fla. 4th DCA 1988); Hopps v. Smith, 520 So.2d 673 (Fla. 5th DCA 1988).
Unlike Location 100 and Dickson, this case involves not fraudulent misrepresentation, but non-disclosure under Johnson. Whether seeking rescission or damages, a Johnson action arises from a breach of a duty imposed by the law on the parties to the contract. Johnson was a departure from traditional fraud law, reflecting a philosophy that the law should encourage parties to a residential home sale contract to conduct themselves ethically. In Johnson, the supreme court observed that "[t]he law appears to be working toward the ultimate conclusion that full disclosure of all material facts must be made whenever elementary fair conduct demands it." 480 So.2d at 628. The language of the contractual provision should be construed to include lawsuits arising out of the violation of disclosure obligations which the law imposes on a party to the contract. We therefore affirm the award of attorney's fees against Ines Kelly under the contract.
Even though we have distinguished Location 100, we question whether that case remains good law in light of Katz v. Van Der Noord, 546 So.2d 1047 (Fla.1989). Katz quoted with approval a portion of a third district case
Likewise, the enforcement of a contract may be prevented by equitable considerations, such as that the contract was fraudulently induced. In such a case, since a contract exists, even though later declared to be void or voidable, certain of its provisions may be operative.
Id. at 1049 (quoting Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983)). Katz went on to hold
that when parties enter into a contract and litigation later ensues over that contract, attorney's fees may be recovered under a prevailing-party attorney's fee provision contained therein even though the contract is rescinded or held to be unenforceable. The legal fictions which accompany a judgment of rescission do not change the fact that a contract did exist. It would be unjust to preclude the prevailing party to the dispute over the contract which led to its rescission from recovering the very attorney's fees which were contemplated by that contract.

546 So.2d at 1049 (emphasis supplied).
Although Katz spoke of an attorney's fee provision in the context of a rescission action, its rationale is equally applicable to an action at law for fraudulent misrepresentation. The same deceptive conduct might justify relief under either cause of action. If the attorney's fee provision of a contract is to be construed objectively, it would seem that "litigation arising out of this Contract" should include, in addition to breaches and nonperformance of the contract, those situations where the party was fraudulently induced into entering the contract, because *673 such conduct is morally more repugnant than a simple breach. The distinction drawn by Dickson and Location 100 that a misrepresentation inducing a contract does not "arise" out of the contract is at odds with the concept of justice that underlies the holding in Katz.[1]
We affirm the trial court's assessment of attorney's fees against Daniel Kelly under section 57.105(1), Florida Statutes (1995), but reverse as to the amount of fees awarded against him. The trial court assessed the identical amount of fees against both appellants; the amount of fees to be awarded against Daniel Kelly should be limited to that amount of time attributable to his aborted attempt to become a party plaintiff in the lawsuit. The trial court ultimately granted the Tworogers' motion to dismiss with prejudice against Daniel Kelly for his inability to show that he was a party to the sales contract. Because he was not a party to the contract, Daniel Kelly cannot be held liable for attorney's fees under paragraph W and that portion of the trial court's order is reversed.
As to all awards of attorney's fees, we remand to the trial court to make specific findings as to both the number of hours reasonably expended on this litigation and a reasonable hourly rate. See, e.g., Loper v. Allstate Ins. Co., 616 So.2d 1055, 1061 (Fla. 1st DCA 1993). This is not a case where the error can be deemed harmless, because the court made no oral findings to support the award. See Blits v. Renaissance Cruises, Inc., 647 So.2d 971 (Fla. 4th DCA 1994).
Finally, we affirm the sanctions imposed against the Kellys' attorney as being within the trial court's discretion. See Patsy v. Patsy, 666 So.2d 1045 (Fla. 4th DCA 1996).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
POLEN, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, Judge, specially concurring.
I agree with the majority opinion and am writing only to suggest that the Appellate Rules Committee consider amending the rules to provide that a final judgment awarding attorney's fees and costs after a voluntary dismissal be appealable as a final or as a non-final order. The orders being appealed in this case are judgments providing for the recovery of money with execution to issue. The reason we have to review them by common law certiorari is explained by Judge Farmer in Sholkoff v. Boca Raton Community Hospital, Inc., 693 So.2d 1114 (Fla. 4th DCA 1997), and traces back to a 1969 Florida Supreme Court decision, Chatlos v. City of Hallandale, 220 So.2d 353 (Fla.1968), in which the supreme court held that a judgment for attorney's fees and costs entered after a voluntary dismissal is reviewable only by certiorari.
When we review by certiorari our standard of review is whether the trial court departed from the essential requirements of law. I can think of no good reason why a judgment for attorney's fees and costs entered after a voluntary dismissal should only be reversed if there is a departure from the essential requirements of law, while a judgment for attorney's fees and costs entered under other circumstances is reviewed under a less stringent standard of review.
Normally, when we believe a decision of the Florida Supreme Court ought to be reconsidered, we certify the question as one of great public importance. We have not done so in this case because even if the supreme court were to recede from Chatlos, it would not change the result in this case. Thus the losing party in this case would have no incentive to seek review in the supreme court. If the appellate rules committee were to recommend that these judgments be appealable as final judgments or non-final orders, however, it would give the supreme court, which has to approve rule changes, the opportunity to *674 make review of judgments for attorney's fees and costs uniform.
NOTES
[1] Foreign courts have held that actions for fraudulent concealment or misrepresentation in connection with a contract fall within attorney's fee provisions of the contract. 3250 Wilshire Blvd. Bldg. v. W.R. Grace & Co., 990 F.2d 487 (9th Cir.1993); Childers v. Edwards, 48 Cal.App.4th 1544, 56 Cal.Rptr.2d 328, 331 (1996); Xuereb v. Marcus & Millichap, Inc., 3 Cal.App.4th 1338, 5 Cal.Rptr.2d 154 (1992); Sperry v. Bolas, 786 P.2d 517 (Colo.Ct.App.1989).