ORDER DISMISSING APPEAL
PER CURIAM.
By agreement of the parties this case was tried before retired Judge Herbert *1003 Stettin. Following a jury verdict in favor of plaintiff, Judge Stettin directed a verdict in favor of defendants on post-trial motions and entered a final judgment for defendants, retaining jurisdiction to award attorney’s fees and costs. After defendants filed a motion for attorney’s fees and costs, plaintiffs filed a motion before Judge Brescher, the administrative judge for Broward County who supervises the retired judge’s docket, asking that Judge Stafford, who was originally the assigned judge, hear the motion for attorney’s fees, not Judge Stettin. Judge Brescher denied the motion, and plaintiffs have appealed asserting that we have jurisdiction under rule 9.130(a)(4), which authorizes non-final appeals from “orders entered after final order on authorized motions.”
This court, as appellant recognizes, does not construe the rule as authorizing appeals from every single order entered after final judgment. Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994)(dismiss-ing appeal from post-judgment order determining only entitlement to attorney’s fees, not amount). Plaintiff argues that we should entertain this appeal because the Florida Supreme Court is presently considering whether Broward County’s present system of assigning cases to retired judges is unconstitutional. Physician’s Health Care Plans, Inc. v. Pfeifler, No. SCO12062. Plaintiffs argue that, even though they agreed that the retired judge could try the case, this would not constitute a waiver of their right to contend that it is unconstitutional for him to determine attorney’s fees and costs. We need not reach the waiver issue because we conclude, under the same rationale we applied in Winkelman, that this order is not ap-pealable. The issue plaintiffs seek to raise in this appeal can be raised on appeal from the final order determining the motion for attorney’s fees and costs. Appeal dismissed.
GUNTHER, FARMER, and KLEIN, JJ., concur.