837 So.2d 371 (2002)
Edward B. CAUFIELD, et al., Petitioners,
v.
Gino CANTELE, et al., Respondents.
No. SC99-95.
Supreme Court of Florida.
December 19, 2002.
*372 Robert Bruce Snow, Brooksville, FL, for Petitioners.
Donald R. Peyton of Peyton Law Firm, P.A., New Port Richey, FL, for Respondents.
Jon H. Anderson and Ralph Artigliere of Anderson & Artigliere, P.A., Lakeland, FL, for Academy of Florida Trial Lawyers, Amicus Curiae.
QUINCE, J.
We have for review the Fifth District Court of Appeal's opinion in Caufield v. Cantele, 745 So.2d 431 (Fla. 5th DCA *373 1999), which certified conflict with Green Tree Vendor Services Corp. v. Lisi, 732 So.2d 422 (Fla. 1st DCA 1999); Oakwood Plaza, L.P. v. D.O.C. Optics Corp., 708 So.2d 959 (Fla. 4th DCA), review denied, 725 So.2d 1107 (Fla.1998); O.A.G. Corp. v. Britamco Underwriters Inc., 707 So.2d 785 (Fla. 3d DCA 1998); Kelly v. Tworoger, 705 So.2d 670 (Fla. 4th DCA 1998); and Barry A. Cohen, P.A. v. LaTorre, 595 So.2d 1076 (Fla. 2d DCA 1992), on the issue of whether an order concerning attorney's fees is an appealable order. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We approve the decision below in part and quash it in part, and specifically hold: (1) plenary appeal is the proper method for a district court to review a trial court's determination of attorney's fees and costs after a voluntary dismissal; (2) the contractual or statutory basis of a claim for attorney's fees does not need to be specifically pled and failure to specifically plead the basis for fees does not result in a waiver of the claim;[1] and (3) a suit for damages for fraudulent misrepresentation concerning property purchased pursuant to a contract may constitute litigation "arising out of" the contract where the parties have intended such litigation to be covered by an attorney's fees provision included in the contract. Therefore, we remand this case for proceedings consistent with our holdings.

FACTUAL AND PROCEDURAL BACKGROUND
Edward and Rose Caufield (the Caufields) entered into a contract with Gino and Armando Cantele (the Canteles) to sell to the Canteles a mobile home park located in Hernando County, Florida. Closing on the sale occurred and title was passed to the Canteles in 1993. In 1995, the Canteles filed a complaint in the Circuit Court for the Fifth Judicial Circuit, alleging concealment of defects and fraudulent misrepresentations as to the condition of a sewer plant located on the property. The Caufields filed a motion to dismiss and a motion to strike the complaint, claiming that the complaint alleged fraud and breach of contract in a single count. The Caufields included a general prayer for attorney's fees in the wherefore clauses of both motions. In 1996, the trial court entered an order resolving both motions by treating the complaint as one which asserted a single claim for intentional misrepresentation. In their responsive pleading, the Caufields included another general prayer for attorney's fees. After the Canteles' initial counsel withdrew and new counsel failed to appear at a pretrial conference, the Canteles voluntarily dismissed their complaint.
The contract contained a provision which entitled the prevailing party to costs and attorney's fees in connection with any litigation "arising out of" the contract. Pursuant to the provision, the Caufields filed a motion in the trial court for costs and attorney's fees. The trial court entered an order denying the Caufields' request for attorney's fees for two reasons. First, the trial court concluded that the Caufields had failed to plead for attorney's fees as required by Stockman v. Downs, 573 So.2d 835 (Fla.1991).[2] Second, the court concluded that because the cause of action *374 was for the tort of intentional misrepresentation, the litigation was not based on the contract and, thus, the litigation did not "arise out of" the contract.
The Caufields sought review of the trial court's order by plenary appeal in the Fifth District Court of Appeal. In addition to affirming the trial court's determination that the Caufields did not properly plead for attorney's fees and that the litigation did not arise out of the contract, the Fifth District addressed, sua sponte, the jurisdictional issue of whether plenary appeal was the proper method of review.
The Fifth District held that a judgment denying attorney's fees entered after a voluntary dismissal was properly reviewed by plenary appeal. As to this holding, the Fifth District certified conflict with decisions of other district courts, which have held that under this Court's decision in Chatlos v. City of Hallandale, 220 So.2d 353 (Fla.1968), a petition for certiorari is the proper method for reviewing orders denying or granting attorney's fees after a voluntary dismissal. See Green Tree Vendor Services Corp. v. Lisi, 732 So.2d 422 (Fla. 1st DCA 1999); Oakwood Plaza, L.P. v. D.O.C. Optics Corp., 708 So.2d 959 (Fla. 4th DCA), review denied, 725 So.2d 1107 (Fla.1998); O.A.G. Corp. v. Britamco Underwriters Inc., 707 So.2d 785 (Fla. 3d DCA 1998); Kelly v. Tworoger, 705 So.2d 670 (Fla. 4th DCA 1998); Barry A. Cohen, P.A. v. LaTorre, 595 So.2d 1076 (Fla. 2d DCA 1992). The Caufields seek discretionary review of the Fifth District's decision in Caufield v. Cantele, 745 So.2d 431 (Fla. 5th DCA 1999), based on certified conflict.

DISCUSSION
The Fifth District certified conflict as to whether district courts may review, by plenary appeal, a trial court's order determining attorney's fees and costs after voluntary dismissal of a complaint. We recognize that district courts are courts of limited jurisdiction and may only exercise the jurisdiction conferred upon them by the Florida Constitution. See Clement v. Aztec Sales, Inc., 283 So.2d 68, 71 (Fla. 4th DCA 1973); Warren v. State, 174 So.2d 429, 430 (Fla. 1st DCA 1965). Because we find that the Fifth District properly exercised the jurisdiction conferred upon it by the Florida Constitution, we approve the decision below on this issue.
In Chatlos v. City of Hallandale, this Court discussed the ways in which a cost determination could be reviewed on plenary appeal and certiorari by the district courts:
If the cost determination is entered in the final judgment or is made subsequent to the rendition of the final judgment but prior to timely appeal from that judgment, plenary appeal from the final judgment ... will bring the cost order to the appellate court.... Finally, in appropriate circumstancesas in the instant case wherein the order was entered following a non-final and unappealable voluntary nonsuitwrit of certiorari may lie as a means of securing review.
Chatlos, 220 So.2d at 354 (quoting Craft v. Clarembeaux, 162 So.2d 325, 327 (Fla. 2d DCA 1964)). Cases holding that a petition for certiorari is the appropriate method for a district court to review a cost determination entered after a voluntary dismissal have followed our language in Chatlos. See O.A.G. Corp., 707 So.2d at 786; Barry A. Cohen, P.A., 595 So.2d at 1077. Thus, cases following Chatlos have found that the district courts do not have jurisdiction to review such orders by plenary appeal. See O.A.G. Corp., 707 So.2d at 786; Sholkoff v. Boca Raton Community Hospital, Inc., 693 So.2d 1114, 1115 (Fla. 4th DCA 1997). Because the Fifth District certified *375 conflict in this issue, we address the constitutional jurisdiction of the district courts in deciding this matter.
Under the Florida Constitution, district courts have jurisdiction to hear plenary appeals, as a matter of right, only from final judgments and orders of the trial courts. See art. V, § 4(b)(1), Fla. Const. Thus, district courts may only review a cost determination by plenary appeal if that determination is a final judgment or order of the trial court. Therefore, in the instant case, the issue of whether the Fifth District had jurisdiction to review the trial court's order on plenary appeal turns on whether an order determining costs after a voluntary dismissal is final.
A final judgment is one which ends the litigation between the parties and disposes of all issues involved such that no further action by the court will be necessary. See Joannou v. Corsini, 543 So.2d 308 (Fla. 4th DCA 1989); Chan v. Brunswick Corp., 388 So.2d 274 (Fla. 4th DCA 1980). Courts that have held that orders merely determining costs, especially when entered after a voluntary dismissal, are nonfinal and nonappealable have done so for three reasons. See Sholkoff, 693 So.2d at 1115; Craft, 162 So.2d at 326. First, such orders are incident to the merits of the case, and, as such, are not final judgments in the sense of final judgments on the merits. See Gray v. Mann, 47 Fla. 162, 37 So. 161 (1904); Hall v. Patterson, 45 Fla. 353, 33 So. 982 (1903). Second, where a voluntary dismissal is granted and the court does not award the defendant costs, if the plaintiff sues the defendant again on the same claim, rule 1.420(d) expressly provides that "the court shall make such order for the payment of the costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order." Fla. R. Civ. P. 1.420(d). See Sholkoff, 693 So.2d at 1115. Third, when a party has previously paid costs after a voluntary dismissal, if that party subsequently prevails in the same action, then such a party may recover at least some of the costs previously paid. See Rose Printing Co. v. Wilson, 602 So.2d 600, 604 (Fla. 1st DCA 1992), approved, 624 So.2d 257 (Fla.1993); McArthur Dairy, Inc. v. Guillen, 470 So.2d 747, 749 (Fla. 3d DCA 1985).
However, we are not persuaded by any of these reasons. The mere fact that an action for costs and fees is incident to the merits of the original case does not preclude an order on these issues from being a final decision. See Clearwater Federal Savings & Loan Ass'n v. Sampson, 336 So.2d 78, 79 (Fla.1976). In Sampson we held that "[w]here an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment." Id. In the instant case, although there is no final adjudication on the merits, the voluntary dismissal ended the litigation leaving only the Caufields' motion for fees and costs to be determined. The trial court's order denying the Caufields' request for fees, entered September 28, 1998, disposed of the Caufields' motion and no further judicial labor was required in the case. Therefore, the trial court's order denying the Caufields' request for fees, though incident to the merits, was a final and appealable order.
Moreover, the additional judicial action in the second and third scenarios is prompted by a subsequent commencement of litigation by one of the parties. Under rule 1.420(d), after a voluntary dismissal, costs are to be assessed and a judgment *376 entered for costs in that action. See Fla. R. Civ. P. 1.420(d). Costs are not assessed by the court in which subsequent litigation is commenced; rather, rule 1.420(d) provides that costs are to be assessed immediately after a dismissal is entered by the court issuing the voluntary dismissal and that any subsequent lawsuit on the same claim must be stayed by the second court until all of the costs awarded in the initial lawsuit are fully paid. See City of Hallandale v. Chatlos, 236 So.2d 761, 763 (Fla. 1970) (construing rule 1.420(d) "to mean that costs, including attorney's fees, are to be assessed and judgment entered for them in the same action which is the subject of voluntary dismissal"); McKelvey v. Kismet, Inc., 430 So.2d 919, 921-22 (Fla. 3d DCA 1983). Thus, in the instant case, no more judicial labor is required of the initial court to enforce its denial of costs. Furthermore, if the prevailing party in subsequent litigation is awarded costs for the initially dismissed action or is allowed to recover costs previously paid, these matters would be appropriately contained in a final judgment of the second court and the initial cost determination need not be altered. We are not persuaded that the trial court's order denying the Caufields' request for costs and fees, entered after voluntary dismissal of the cause against them, is a nonfinal order.
The Fifth District reasoned that the differences between plenary appeal and certiorari review support the propriety of reviewing such decisions via plenary appeal. See Caufield, 745 So.2d at 433. For example, the time in which to seek review can vary for certiorari review and plenary appeal.[3] Also, while certiorari review is discretionary, plenary appeal review is a matter of right. Compare Fla. R.App. P. 9.030(b)(1) with Fla. R.App. P. 9.030(b)(2).[4] As the Fifth District noted, reviewing such orders by plenary appeal promotes "symmetry in the law ... since that is how attorney's fee awards or denials after a final judgment are reviewed." 745 So.2d at 435. We agree that, regardless of whether a request for costs and fees is granted or denied, the parties should not have to await the speculative filing of a subsequent lawsuit for finality of the initial trial court determination on this issue. Therefore, we conclude that an order determining costs and fees after a voluntary dismissal is a final and appealable order.
In the instant case, the Fifth District reviewed the trial court's order determining costs and fees in the voluntarily dismissed action by plenary appeal. District courts have constitutional jurisdiction to review final judgments of the trial courts by plenary appeal. See art. V, § 4(b)(1), Fla. Const. Because the trial court's determination *377 of costs and fees was final, we hold that the Fifth District properly exercised its constitutionally conferred jurisdiction by reviewing the trial court's order by plenary appeal. Therefore, we approve the Fifth District's decision on this issue and hold that the proper method for review of a determination of costs after a voluntary dismissal is by plenary appeal. Accordingly, we recede from decisions which have held that an order determining costs after a voluntary dismissal is a nonfinal and unappealable order. See Chatlos v. City of Hallandale, 220 So.2d 353 (Fla. 1968).
We now turn to the remaining issues raised in this review proceeding.[5] The Fifth District held that the Caufields' requests for attorney's fees failed to meet the standard for claiming attorney's fees set forth in Stockman v. Downs, 573 So.2d 835 (Fla.1991). In Stockman, this court held "that a claim for attorney's fees, whether based on statute or contract, must be pled." Id. at 837.[6] This Court stated that the fundamental concern of the pleading requirement is notice. See 573 So.2d at 837. By pleading a claim to attorney's fees, a party notifies the opposing party and prevents unfair surprise. Moreover, this court noted the important role that the existence or nonexistence of a claim for attorney's fees may play in a case. See id. "For example, the potential that one may be required to pay an opposing party's attorney's fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle." Id. Therefore, we held that a claim for attorney's fees must be pled; and, if not pled, a claim for attorney's fees is waived. See id. at 837-38.
In the instant case, however, the Fifth District held that Stockman actually requires that a party specifically plead the basis for the entitlement to fees. See Caufield, 745 So.2d at 435. The Fifth District relied on United Pacific Insurance Co. v. Berryhill, 620 So.2d 1077 (Fla. 5th DCA 1993), where it had previously held that Stockman requires a party to plead the "correct entitlement" to attorney's fees. The Fifth District also relied on a decision from the Third District which held that a general claim for attorney's fees will not satisfy this Court's requirement in Stockman. See Dealers Ins. Co. v. Haidco Investment Enterprises, Inc., 638 So.2d 127, 129 (Fla. 3d DCA 1994) (holding that "the requesting party must plead the statutory or contractual basis on which that party seeks attorney's fees").
However, this Court's holding in Stockman does not expressly require a specific pleading of the statutory or contractual basis of a claim for attorney's fees. See Stockman, 573 So.2d at 837. In Stockman, we reasoned that merely pleading a *378 claim for attorney's fees is sufficient to notify the opposing party and allow it to consider the claim in a decision on whether to proceed. Therefore, we decline to extend our holding in Stockman to impose a stricter requirement for pleading a claim for attorney's fees. We hold that the specific statutory or contractual basis for a claim for attorney's fees need not be specifically pled, and that failure to plead the basis of such a claim will not result in waiver of the claim. Accordingly, we quash the Fifth District's decision in the instant case, and direct that the case be remanded to the trial court for consideration of the Caufields' request for attorney's fees and costs.
Lastly, we address the Fifth District's determination that the Caufields were not entitled to attorney's fees under a prevailing-party provision in their contract with the Canteles. See Caufield, 745 So.2d at 437. The Fifth District stated that attorney's fees may only be awarded under a contractual provision where the parties to the contract clearly manifest their intention that attorney's fees cover the specific situation for which fees are claimed. See id. at 436. The attorney's fees provision of the instant contract allowed fees to be awarded to the prevailing party in connection with any litigation arising out of the contract. The Fifth District reasoned that a cause of action for "fraudulent misrepresentation made orally or external to a contract, concerning property purchased pursuant to the contract, is not litigation arising out of the contract." Id. at 437. We disagree with this reasoning and find that claims of fraudulent misrepresentation concerning the subject matter of the contract do "arise out of the contract."
The Fifth District relied on its decisions in Hopps v. Smith, 520 So.2d 673 (Fla. 5th DCA), review denied, 529 So.2d 695 (Fla. 1988), and Dickson v. Dunn, 399 So.2d 447 (Fla. 5th DCA 1981), in reaching the decision in this case. See Caufield, 745 So.2d at 436. In Dickson, the court found that buyers suing for misrepresentation of improvements to realty could not recover attorney's fees based on a clause in the contract providing for such fees to the prevailing party as a result of a suit arising out of the contract. The Fifth District reasoned that based on Chanin v. Chevrolet Motor Co., 89 F.2d 889, 891 (7th Cir.1937), the subject litigation arose out of a claim of misrepresentation in the inducement of the contract, not the contract itself. Likewise, in Hopps, relying on Dickson, the Fifth District again held a misrepresentation claim did not arise out of the contract for sale of the property. There, the court stressed accord with this reasoning in other Florida district courts. See Location 100, Inc. v. Gould S.E.L. Computer Systems, Inc., 517 So.2d 700 (Fla. 4th DCA 1987) (finding in a breach of contract suit where vendor did not ensure ingress or egress to property that buyer could not recover attorney's fees stemming from a fraud counterclaim because such claim is one in tort and not in contract); Keys Lobster, Inc. v. Ocean Divers, Inc., 468 So.2d 360 (Fla. 3d DCA 1985) (finding in an action to force vendor to specifically perform that the prevailing party was not entitled to attorney's fees for first three counts of complaint which were based on fraud).
The Caufields and the Florida Academy of Trial Lawyers argue that the Fifth District's decision in this case as well as its earlier cases sets a poor policy which denies persons access to the Florida courts. They argue that if only contract causes of action and not tort causes of action can "arise out of" a contract, then courts will ignore the actual intent of the parties. The Caufields rely on this court's opinion *379 in Katz v. Van Der Noord, 546 So.2d 1047 (Fla.1989), and the Fourth District's decision in Kelly v. Tworoger, 705 So.2d 670 (Fla. 4th DCA 1998), in support of their position that a tort cause of action can arise out of the contract.
In Katz, this Court approved the award of attorney's fees under a prevailing party provision of a contract which contained the "arising out of the contract" language even though the action involved recision of the contract. Relying on Katz, the Fourth District in Kelly opined:
Although Katz spoke of an attorney's fee provision in the context of a recision action, its rationale is equally applicable to an action at law for fraudulent misrepresentation. The same deceptive conduct might justify relief under either cause of action. If the attorney's fee provision of a contract is to be construed objectively, it would seem that "litigation arising out of this Contract" should include, in addition to breaches and nonperformance of the contract, those situations where the party was fraudulently induced into entering the contract, because such conduct is morally more repugnant that a simple breach. The distinction drawn by Dickson and Location 100that a misrepresentation inducing a contract does not "arise" out of the contractis at odds with the concept of justice that underlies the holding in Katz.

705 So.2d at 672-73.
Foreign courts have held that actions for fraudulent concealment or misrepresentation in connection with a contract fall within attorney's fee provisions of the contract. 3250 Wilshire Blvd. Bldg. v. W.R. Grace & Co., 990 F.2d 487 (9th Cir.1993); Childers v. Edwards, 48 Cal. App.4th 1544, 56 Cal.Rptr.2d 328, 331 (1996); Xuereb v. Marcus & Millichap, Inc., 3 Cal.App.4th 1338, 5 Cal.Rptr.2d 154 (1992); Sperry v. Bolas, 786 P.2d 517 (Colo.Ct.App.1989).
Id. at 673 n. 1.
Additionally, in Telecom Italia, SpA v. Wholesale Telecom Corp., 248 F.3d 1109 (11th Cir.2001), the Eleventh Circuit was presented with the question of whether a tort claim, tortious interference with the contract, arose out of or was related to the underlying lease agreement, the contract, so as to make the arbitration provision of the agreement applicable. Although the Eleventh Circuit decided the tort in question did not arise out of the contract, it did note that "where the dispute occurs as a fairly direct result of the performance of contractual duties ... then the dispute can fairly be said to arise out of or relate to the contract in question, and arbitration is required." Id. at 1116 (emphasis added).
In this case, the attorney's fee clause provided that fees be awarded to the prevailing party as the result of any litigation "arising out of" the contract. Under the Eleventh Circuit's reasoning in Telecom Italia and the Fourth District's reasoning in Kelly, the fraudulent misrepresentation complained of in this case could be correctly characterized as a tort stemming from or arising out of the failure of one party to carry out its contractual duty to reveal defects in the property. Had there been no contract, the ensuing misrepresentation would not have occurred. Therefore, the existence of the contract and the subsequent misrepresentation in this case are inextricably intertwined such that the tort complained of necessarily arose out of the underlying contract. As a result, the contractual provisions, including the prevailing party clause, should be given effect.
Based on the foregoing, we hold that plenary appeal is the proper method of review of attorney fee issues after a voluntary dismissal in the trial court. We also hold that the contractual or statutory basis *380 for the attorney fee need not be specifically pled and failure to so plead does not result in a waiver of the claim. Therefore, we approve in part and quash in part the decision under review and remand this case to the Fifth District for further proceedings consistent with this opinion.
It is so ordered.
ANSTEAD, C.J., and SHAW and LEWIS, JJ., concur.
PARIENTE, J., concurs in result only with an opinion.
WELLS, J., concurs in part and dissents in part with an opinion, in which HARDING, Senior Justice, concurs.
PARIENTE, J., concurring in result only.
This case involves the right of the Caufields (the defendants), who were the sellers of a mobile home park, to appeal the denial of their claim for attorney's fees following the voluntary dismissal of the complaint by the Canteles (the plaintiffs), who were the purchasers. I agree with Judge Sharp's analysis as to why this specific category of orders should be treated as final appealable orders. Specifically, I agree that because orders on attorney's fees after a voluntary dismissal "determine the substantive rights of a party to attorney's fees definitely and with finality," these orders should be reviewable under rule 9.110. Caufield v. Cantele, 745 So.2d 431, 434 (Fla. 5th DCA 1999) (footnote omitted). As explained by Judge Sharp, "[n]o more judicial labor is contemplated" and "[l]evy and execution is possible following entry of an order making an award." Id. at 434-35. Further, as Judge Sharp explained, by "treating attorney's fee rulings after a voluntary dismissal as final and appealable, the courts achieve symmetry in the law which is just and fair, since that is how attorney's fee awards or denials after a final judgment are reviewed." Id. at 435.
I concur in result only because I do not agree with the majority's reliance on what I consider to be overly broad language in the pre-1977 case of Clearwater Federal Savings & Loan Ass'n v. Sampson, 336 So.2d 78, 79 (Fla.1976), regarding when an order after judgment is a final appealable order. See majority op. at 375. A postdecretal order "dispositive of any question,... final as to that portion" of the cause, in the language of Sampson, could be interpreted as including categories of postjudgment orders that have been held unreviewable by appeal either as final or nonfinal orders. See, e.g., Peebles v. Sheridan Healthcare, Inc., 817 So.2d 1002, 1003 (Fla. 4th DCA 2002) (postjudgment order denying request that judge previously assigned to case hear motion for attorney's fees not appealable as nonfinal order); Brake v. Swan, 767 So.2d 500, 502 (Fla. 3d DCA 2000) (order setting amount of fees and costs but deferring determination of who should pay award not appealable either as final judgment or nonfinal appeal); Winkelman v. Toll, 632 So.2d 130, 131-32 (Fla. 4th DCA 1994) (postjudgment order determining entitlement to attorney's fees but not amount is not appealable as a final order). Although I am certain that the majority did not intend to expand the class of appealable orders, this concern leads me to concur only in the result as to the analysis of this issue in the majority opinionspecifically, its reliance on Sampson.
As to whether the defendant's general claim for attorney's fees satisfies the notice requirement of Stockman v. Downs, 573 So.2d 835 (Fla.1991), I fully concur with the majority. In my view, neither Stockman nor due process principles expressly require a specific pleading of the statutory or contractual basis of a claim *381 for attorney's fees. Thus, the general request for attorney's fees in this case by the defendants satisfied the notice requirement of Stockman. I point out that the plaintiffs' initial complaint included a request for attorney's fees pursuant to the contract for sale. Although I would not oppose a prospective rule requiring more specificity in pleadings requirements for attorney's fees, such a change should be done in accordance with our rule adoption and amendment procedures.
Lastly, I agree that the complaint as filed against the defendants/sellers was for breach of contract and the alleged misrepresentations claimed by the plaintiffs/buyers arose in connection with the contract. Although based on an intentional misrepresentation, the court order stated that the relief sought was for monetary damages to correct latent defects in the sewer treatment plant. Thus, I would uphold the right to claim attorney's fees based on the Fourth District's reasoning in Kelly v. Tworoger, 705 So.2d 670 (Fla. 4th DCA 1998), and the reasoning of this Court in Katz v. Van Der Noord, 546 So.2d 1047 (Fla.1989). Upon remand, the trial court should then consider the scope of the attorney's fees clause as contemplated by the specific contract in light of the pleadings that were at issue in this case.
WELLS, J., concurring in part and dissenting in part.
I concur in the affirmance of the Fifth District as to the plenary appeal issue.
I dissent as to the reversal of the Fifth District on the other two issues. In respect to the pleading issue, the majority's decision is contrary to this Court's requirement that a motion for attorney fees be pled with specificity as to the basis upon which fees are authorized.
In respect to the third issue, the majority sets aside many years of precedent, which does not allow attorney fees to be awarded in tort claims. I believe that the ignoring of this precedent is error.
HARDING, Senior Justice, concurs.
NOTES
[1] See generally Stockman v. Downs, 573 So.2d 835 (Fla.1991) (holding that a claim for attorney's fees must be pled, and failure to plead a claim for fees will result in a waiver of the claim).
[2] Costs were not specifically addressed in the trial court's order denying the Caufields' motion for fees and costs, nor did the Caufields raise denial of costs in their brief; therefore, costs are not addressed.
[3] Only authorized motions for rehearing will delay the rendition of the trial court's order, and, in turn, toll the time for filing a petition for certiorari. See Fla. R.App. P. 9.020(h). Because motions for rehearing are not authorized as to nonfinal orders, they can not delay the rendering of a nonfinal order. See Wagner v. Bieley, Wagner & Assocs., 263 So.2d 1 (Fla.1972); Williams v. Dep't of Health & Rehabilitative Servs., 468 So.2d 504 (Fla. 5th DCA 1985). Consequently, a motion for rehearing of a nonfinal order will not toll the time for filing a petition for certiorari. See Green Tree Vendor Servs. Corp. v. Lisi, 732 So.2d 422 (Fla. 1st DCA 1999); Shelnutt v. Citrus County, 660 So.2d 393 (Fla. 5th DCA 1995). Conversely, plenary appeal may only be sought from final orders. See art. V, § 4(b)(1), Fla. Const. Because motions for rehearing of final orders are authorized, they may delay the rendering of the final order and, in turn, toll the time for seeking plenary appeal. See Wagner, 263 So.2d at 1.
[4] See also State v. Furen, 118 So.2d 6, 12 (Fla.1960); So. Atlantic S.S. Co. v. Tutson, 139 Fla. 405, 190 So. 675, 683-84 (1939) (recognizing the discretionary nature of certiorari review).
[5] The Fifth District only certified conflict as to its decision on the method of review. See Caufield, 745 So.2d at 435. However, once this Court has accepted jurisdiction in order to resolve conflict, we may consider other issues decided by the court below which are properly raised and argued before this Court. See Savoie v. State, 422 So.2d 308 (Fla. 1982). Therefore, we have jurisdiction to review the remaining issue which was not certified by the Fifth District.
[6] In Stockman, this Court recognized an exception to this rule: "Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." 573 So.2d at 838. While the Fifth District found the exception inapplicable to the instant case, the Caufields have not alleged that the exception is applicable. See Caufield, 745 So.2d at 436. Therefore, we do not alter the general scope of the exception or address its specific applicability to the instant case.