859 So.2d 1238 (2003)
Susan HEMBD, Appellant,
v.
James J. DAURIA, Trustee, Appellee.
No. 4D03-199.
District Court of Appeal of Florida, Fourth District.
November 12, 2003.
*1239 Richard J. Burton of Richard J. Burton & Associates, P.A., North Miami Beach, for appellant.
Neil Leavitt, Hollywood, for appellee.
GROSS, J.
The primary issue in this appeal is whether the trial court erred in denying appellant, Susan Hembd's, rule 1.540(b)(3) motion to set aside a final deficiency judgment for fraud, without holding an evidentiary hearing. We affirm because appellant's motion failed to state the purported fraud with sufficient particularity to require an evidentiary hearing.
Appellee, James Dauria, obtained a final judgment of foreclosure on a condominium unit owned by Hembd. The trial court determined that Hembd owed $85,333.82 to Dauria.
On July 31, 2002, Dauria moved for the entry of a deficiency judgment, seeking the difference between $85,333.82 and the value of the property on the date of the foreclosure sale, November 5, 2001. In support of the motion, Dauria filed a report from a real estate appraiser indicating that the value of the property on November 5 was $73,000.00. The appraiser signed the report on January 8, 2002.
The trial court entered a deficiency judgment for $13,156.28 on September 18, 2002.
On December 4, 2002, Hembd moved to set aside the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(3), which allows a court to relieve a party from a final judgment because of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." The basis of the alleged fraud was that the January 8, 2002 appraisal, along with the appraiser's affidavit filed in support of the motion for deficiency judgment, did not disclose that Dauria had closed a sale on the premises on January 2, 2002 for $86,000.
Dauria argued that he sold the property for more than the appraisal because the property was improved at his expense between the November 5, 2001 appraisal and the January 2, 2002 sale.
After a brief hearing on a uniform motion calendar, the trial court denied the rule 1.540(b)(3) motion.
Where a litigant seeks to inject the issue of fraud into a lawsuit, Florida law requires that it be pled with precision, not just flung into the case willy-nilly. In Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994), we explained that a rule 1.540(b)(3) motion seeking relief from a judgment requires that the purported fraud be stated with specificity:
Florida Rule of Civil Procedure 1.120(b) requires that the circumstances constituting fraud "be stated with such particularity as the circumstances may permit." This means that a rule 1.540(b)(3) motion must clearly and concisely set out the essential facts of the fraud, and not just legal conclusions. To entitle a movant to an evidentiary hearing, a rule 1.540(b)(3) motion must specify the fraud. In addition to specifying the *1240 fraud, the motion should explain why the fraud, if it exists, would entitle the movant to have the judgment set aside.
.... If a motion on its face does not set forth a basis for relief, then an evidentiary hearing is unnecessary. The time and expense of needless litigation are avoided and the policy of preserving the finality of judgments is enhanced.
(Citations omitted). Only if Hembd's motion and supporting affidavit set forth "facially sufficient grounds" for relief would she be entitled to a hearing on her rule 1.540(b)(3) motion. See Davenport v. Dimitrijevic, 857 So.2d 957, 961 (Fla. 4th DCA 2003); World Inv. Corp. v. Breen, 684 So.2d 221, 222 (Fla. 4th DCA 1996); see also Seal v. Brown, 801 So.2d 993, 994-95 (Fla. 1st DCA 2001); Estate of Willis v. Gaffney, 677 So.2d 949, 951 (Fla. 2d DCA 1996).
Hembd failed to state the alleged fraud with sufficient particularity to require an evidentiary hearing on the motion. An important basis for the November 5 appraisal was the condition of the property. The report noted: "Unit is in poor condition. All rooms carpeted except for kitchen, laundry & 1 bath, vinyl tile. The carpets were soiled & walls are in need of new paint. Evidence of severe roof leak/water damage from second floor. A new owner may consider upgrading the unit to a more modern appeal." The report gave most weight to an October 2001 sale of a comparable unit in similarly poor condition.
Significantly, Hembd's motion did not allege that the unit was sold on January 2 in substantially the same condition as it was two months earlier. The receipt of a higher sales price two months after the foreclosure sale does not necessarily indicate that the property was worth the same amount on November 5. It is not unusual for an owner to expend money on a property after taking it back in foreclosure. The price disparity alone does not give rise to the inescapable conclusion that Dauria fraudulently misled the court. To obtain a hearing on her rule 1.540(b)(3) motion, the law required Hembd to demonstrate a prima facie case of fraud, not just nibble at the edges of the concept.
We deny Dauria's motion for attorney's fees, because it fails to comply with the requirement of Florida Rule of Appellate Procedure 9.400(b) that a motion for attorney's fees on appeal "shall state the grounds on which recovery is sought." The Florida Supreme Court has taken a strict approach to the pleading requirement of rule 9.400(b):
We interpret this language to require that a party seeking attorney's fees in an appellate court must provide substance and specify the particular contractual, statutory, or other substantive basis for an award of fees on appeal. It is simply insufficient for parties to only refer to rule 9.400 or to rely on another court's order in support of a motion for attorney's fees for services rendered in an appellate court.

United Servs. Auto. Ass'n v. Phillips, 775 So.2d 921, 922 (Fla.2000) (emphasis added). Dauria's motion makes no reference to any contractual, statutory, or other substantive basis for an award of fees on appeal.
The pleading rule for attorney's fees on appeal is different from that at the trial level. In Caufield v. Cantele, 837 So.2d 371 (Fla.2002), with regard to the pleading requirements for fees in the trial court, the supreme court held "that the specific statutory or contractual basis for a claim for attorney's fees need not be specifically pled, and that failure to plead the basis of such a claim will not result in waiver of the *1241 claim." Id. at 378. Instead, the court ruled that a party did not have to make a "specific pleading of the statutory or contractual basis of a claim for attorney's fees" and that "merely pleading a claim for attorney's fees is sufficient to notify the opposing party and allow it to consider the claim in a decision on whether to proceed." Id. at 377-78 (discussing Stockman v. Downs, 573 So.2d 835 (Fla.1991)).
This lesser pleading requirement of Caufield has no bearing on an appellate fees request, where rule 9.400(b) explicitly requires that the motion must state the grounds upon which recovery is sought.
AFFIRMED.
FARMER, C.J., and TAYLOR, J., concur.