PER CURIAM.
A judgment of dissolution of marriage that reserves jurisdiction over integrally related issues, although titled a final judgment, is not a final appealable order. See Hoffman v. O’Connor, 802 So.2d 1197 (Fla. 1st DCA 2002). In Hoffman, the Court dismissed the appeal for lack of jurisdiction because the order appealed retained jurisdiction to determine equitable distribution of the parties’ marital assets and liabilities. Id. The pendency of these issues “necessarily renders the order nonfi-nal.” Id.; see Canfield v. Cantele, 837 So.2d 371, 375 (Fla.2002) (reaffirming the traditional test for finality requiring that “no further action by the court will be necessary”); Thomas v. Thomas, 902 So.2d 881 (Fla. 1st DCA 2005) (dismissing appeal where “final” order of dissolution reserved jurisdiction to consider reduction in value of asset distribution in equitable distribution). Because this appeal is from an order containing similar reservations of jurisdiction, the appeal is premature. Fla. R.App. P. 9.11(l).
DISMISSED.
DAVIS, VAN NORTWICK, and ROWE, JJ., concur.