PER CURIAM.
Cynthia Jones appeals an order of the trial court declining to exercise jurisdiction over the dissolution of Synergy Real Estate of SW Florida, Inc., a corporation owned by Jones and Louis Pfaff. We dismiss the appeal for lack of jurisdiction.
Jones and Pfaff are each fifty percent shareholders of Synergy. After disputes and allegations of misconduct arose between the parties, Jones filed a complaint against Pfaff in February 2010, asserting claims for injunctive relief, judicial dissolution, partition, equitable accounting, and declaratory judgment. In response to the claim for judicial dissolution, Pfaff elected to purchase Jones’ shares under section 607.1436(1), Florida Statutes (2009). The parties could not reach an agreement regarding the fair value of Jones’ shares. Consequently, the trial court held a hearing and determined the fair value, as provided for in section 607.1436(4). Pfaff then chose to not purchase Jones’ shares and instead filed a timely notice of intention to adopt articles of dissolution, as provided for in section 607.1436(7). Jones then sought continued judicial dissolution of Synergy, but the trial court entered the order on appeal declining jurisdiction on the basis of the language in subsections (6) and (7) of section 607.1436.
The parties assert that the order is appealable as a nonfinal order that determines the right to immediate possession of property. See Fla. R.App. P. 9.130(a)(3)(C)(ii). But the order being appealed does not determine either Jones’ or Pfaff s right to the immediate possession of property; it merely addresses the jurisdiction of the trial court over the dissolution of the corporation.
The parties also believe that the order is appealable as a nonfinal order entered after a final order. See Fla. R.App. P. 9.130(a)(4) (“Non-final orders entered after final order on motions that suspend rendition are not reviewable.... Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.” (emphasis added)). The parties assert that the final order was the order determining the fair value of Jones’ shares, *886 which according to the statute, is “enforceable in the same manner as any other judgment.” § 607.1436(6), Fla. Stat. (2009). The order determining the fair value of Jones’ shares is titled “Final Judgment,” but it only disposes of one count of Jones’ complaint against Pfaff. There are four other counts remaining between Jones and Pfaff that will require further action by the court. Therefore, the “Final Judgment” is not a final order. See Caufield v. Cantele, 837 So.2d 371, 375 (Fla.2002) (“A final judgment is one which ends the litigation between the parties and disposes of all issues involved such that no further action by the court will be necessary.”). Accordingly, any subsequent order entered after the “Final Judgment” is not reviewable under rule 9.130(a)(4).
Because the order on appeal is a nonfi-nal order that is not appealable under the provisions of rule 9.130, we dismiss the appeal for lack of jurisdiction.
Dismissed.
CASANUEVA and LaROSE, JJ., Concur.
MORRIS, J., Concurs specially with opinion.